BERRY BROTHERS CORPORATION v. ADAMS-MILLIS CORPORATION.

(Filed 23 May 1962.)

**1. Trial § 5—**

The sequestration of witnesses lies in the discretion of the trial court.

**2. Bill of Discovery § 3—**

The commissioner for the examination of designated persons pursuant to G.S. 1-568.11, is not vested with judicial authority and may not determine in his discretion whether the witnesses to be examined should be sequestered, or whether a certain person summoned is an agent of the adverse party and therefore subject to examination, G.S. 1-568.4(e), and the commissioner's rulings thereon are void.

**3. Same;   Courts § 6—**

Where a commissioner appointed pursuant to G.S. 1-568.11 enters an order allowing the sequestration of witnesses and enters an order holding that one of the witnesses was an agent and subject to examination, such orders are void, but an appeal will not lie therefrom to the judge of the Superior Court, the proper procedure being for the commissioner to refer the judicial questions, at least in the first instance, to the clerk who issued the order for the examination.

APPEAL by plaintiff from *Phillips, J.,* January 22, 1962 Term of GUILFORD. Greensboro Division.

In this action, after defendant had answered the complaint, plaintiff obtained from the Clerk of the Superior Court of Guilford County, pursuant to G.S. Chapter 1, Article 46, an order for the adverse examination of certain officers and employees of defendant and of Frank D. DeLong, Jr., allegedly an agent of defendant.

When the designated persons appeared in compliance with the clerk's

order, plaintiff moved that the commissioner, in his discretion, sequester the witnesses. The commissioner allowed plaintiff's said motion except as to defendant's vice-president and general counsel. Defendant excepted to this ruling and appealed to the superior court.

Also, before the commissioner, defendant objected to the adverse examination of DeLong. DeLong was not an officer or employee of defendant. Plaintiff contended DeLong was, and defendant contended he was not, an agent of defendant within the meaning of G.S. 1-568.4 (e). DeLong was then examined before the commissioner with reference to whether his relationship to defendant was such as to constitute him such agent. After hearing DeLong's testimony, and considering certain documentary evidence, the commissioner ruled that DeLong was such agent. Defendant excepted to this ruling and appealed to the superior court.

Thereafter, Judge Phillips, considering defendant's appeals from the commissioner's said rulings, and "being of the opinion that the plaintiff did not have the right to have the officers and employees of the defendant corporation sequestered for the purpose of adversely examining them," and "finding as a fact, that Frank D. DeLong, Jr., is not an agent of the defendant within the meaning of G.S. 1-568.4(e)," entered an order reversing the actions (rulings) of the commissioner and remanding the matter to the commissioner "for further proceedings consistent with this order."

Plaintiff, based on exceptions aptly taken, appealed from said order and assigns errors.

*Smith, Moore, Smith, Schell & Hunter and David M. Clark for plaintiff appellant.*
*Jordan, Wright, Henson & Nichols and William D. Caffrey for defendant appellee.*

BOBBITT, J.   G.S. 1-568.11, applicable when complaint and answer have been filed, provides that a party, without notice to other parties, may apply "to the clerk or judge" for an order for the examination of designated persons; and, if the affidavit supporting the application sets out the requisite facts, that "the judge or clerk" shall make such order. G.S. 1-568.6 provides that "(t)he examination shall be held by a commissioner appointed by the judge or clerk."

The "exclusion, separation, sequestration of witnesses, or 'putting witnesses under the rule,' as the procedure is variously termed, is a matter not of right, but of discretion on the part of the trial court." 53 Am. Jur., Trial § 31; *S. v. Spencer,* 239 N.C. 604, 609, 80 S.E. 2d 670; *Lee v. Thornton,* 174 N.C. 288, 93 S.E. 788; 88 C.J.S., Trial § 65.

With reference to the sequestration of witnesses, we are not presently concerned with whether "the judge or clerk," without notice or after hearing, may, in his discretion, order the sequestration of witnesses to be examined before the commissioner. Nothing appears to indicate the clerk's order provided for such sequestration. Presently, we consider whether *the commissioner* may, in *his* discretion, order such sequestration.

G.S. 1-568.16 provides:

"(a) An examination pursuant to this article shall be conducted in the same manner and subject to the same rules as if the examination were being had at the trial of the action, except as otherwise provided in this section.

"(b) The commissioner before whom the deposition is to be taken shall put the witness on oath or affirmation, and, unless the parties agree otherwise, shall personally, or by someone acting under his direction, record the testimony of the witness in his presence, and cause it to be transcribed.

"(c) All objections made at the time of the examination to the qualifications of the commissioner taking the deposition, or to the conduct of any person, and any other objection to the proceedings, shall be recorded and transcribed as part of the deposition.

"(d) Evidence objected to shall be taken subject to the objection, except that, when an objection is made on the ground of privilege or on the ground that the question goes beyond the proper scope of the examination, the person being examined may refuse to answer the question, in which case such refusal and the grounds therefor shall be recorded and transcribed as part of the deposition. The procedure when the person being examined refuses to answer a question is governed by G.S. 1-568.18 and 1-568.19.

"(e) Any party may examine the person being examined and may make all proper objections to the proceedings and to the evidence taken, but the scope of an examination ordered pursuant to G.S. 1-568.10 shall not thereby be enlarged beyond the scope specified in the order for the examination."

Plaintiff contends G.S. 1-568.16(a), by implication, confers upon the commissioner the authority, in *his* discretion, to order the sequestration of witnesses. However, the further provisions of G.S. 1-568.16 dispel any suggestion that the commissioner is vested with judicial authority. The prescribed duties of the commissioner are administrative, not judicial, in character.

G.S. 1-568.7 provides: "In addition to his other powers the commissioner may—(1) Grant continuances from time to time for good cause; (2) Administer oaths to witnesses; and (3) Designate a reporter to take and transcribe the examination." G.S. 1-568.8 provides: "The procedure prescribed by this article is the sole procedure for the examination before trial of the persons designated in G.S. 1-568.4. The judge or the clerk, however, has authority to fix and determine all necessary procedural details with respect to such an examination in all instances in which this article does not make definite provision." Whether an order for the sequestration of witnesses is a necessary procedural detail within the meaning of G.S. 1-568.8 is not presented. Suffice to say, "this article" (G.S. Chapter 1, Article 46) makes no "definite provision" therefor.

Our conclusion is that G.S. Chapter 1, Article 46, does not confer upon the commissioner the authority, in *his* discretion, to order the sequestration of witnesses. Even so, defendant had no right of appeal from the purported ruling of the commissioner.

G.S. 1-568.18 provides: "If the person being examined refuses to answer any question propounded, the examination may be completed on other matters or it may be adjourned, as the propounder of the question may prefer. The propounder may, upon notice, as provided by G.S. 1-568.14 (b) and (c), given to the person examined and to all other parties, make a motion before the judge or clerk that the person examined be required to answer the question or questions he had refused to answer and to answer any additional questions which relate to the matter or matters as to which he had refused to testify. If the motion is granted, the judge or clerk shall fix a time and place for such further examination. No additional notice of such further examination need be given."

G.S. 1-568.19 provides: "If the person to be examined fails to appear at the time and place fixed in an order for his examination or in an order issued pursuant to G.S. 1-568.18, or refuses, without good cause, to answer any question required to be answered pursuant to G.S. 1-568.18, such failure to appear or refusal to answer constitutes contempt of court and is punishable as such. The judge or clerk may also make all proper orders in regard to the failure to appear, or the refusal to answer any question, including the taxing of costs incident thereto, the striking out of pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default or by default and inquiry against the disobedient party."

The foregoing applies, in large measure, to the second question, namely, whether DeLong is an agent of defendant within the meaning

of G.S. 1-568.4(e) and therefore subject to examination under G.S. Chapter 1, Article 46. Clearly, the commissioner had no judicial authority to make this determination. Nor did defendant have the right to appeal from the commissioner's purported ruling.

DeLong, in effect, refused to comply with the commissioner's ruling and submit to adverse examination; and the other witnesses, in effect, refused to submit to adverse examination in the manner prescribed by the commissioner's ruling. Under these circumstances, the commissioner should have filed with the clerk a transcript of what transpired and referred to the clerk the questions requiring judicial determination. Since the commissioner derived his authority from the clerk's order, these questions were for consideration, at least in the first instance, by the clerk.

Judicial authority and discretion were prerequisite to a determination of the questions involved in the commissioner's rulings. Lacking such authority, the commissioner's purported rulings were void. Even so, defendant had no right of appeal therefrom. Neither defendant nor the witnesses had suffered injury. It was incumbent upon plaintiff, in accordance with the procedure indicated above, to seek a determination of these questions by an officer vested with the judicial authority and discretion to make such determinations.

We do not consider whether Judge Phillips' order, if the questions were properly before him, was erroneous in whole or in part. In our view, and we so hold, he should have treated the commissioner's rulings as void and dismissed defendant's purported appeals therefrom. Hence, the order of Judge Phillips is vacated; and, after certification of this opinion, the commissioner may proceed as indicated herein.

Order vacated.