MRS. MARY E. BLACK, PLAINTIFF v. SUE WRIGHT WILLIAMSON,
ORIGINAL DEFENDANT AND CHARLES L. BLACK ADDITIONAL DEFENDANT.

(Filed 10 October 1962.)

**1. Appeal and Error § 3—**

An order for the examination of an adverse party pursuant to G.S.
1-568.11 is an interlocutory order which does not affect any substantial
right and from which no appeal lies. G.S. 1-277.

**2. Bill of Discovery § 3—**

Where the examination of an adverse party pursuant to informal con-
sent of the parties has broken down upon disagreement as to the pro-
priety of one of the questions asked on examination, a subsequent order
for the examination of the party pursuant to G.S. 1-568.11 will not be
held erroneous as subjecting the adverse party to an examination *de
novo* when movant disclaims any intention to again subject the party to
an examination with respect to the matter concerning which she has
already testified.

APPEAL by original defendant from *Walker, Special Judge,* March
26, 1962, "B" Term of MECKLENBURG.

On February 18, 1960, at a street intersection in Charlotte, N. C.,
there was a collision between an automobile, in which plaintiff was a
passenger, operated by Charles L. Black (plaintiff's husband) and an
automobile operated by Sue Wright Williamson. On August 3, 1961,
plaintiff instituted this action against Mrs. Williamson, alleging the
collision and plaintiff's injuries were proximately caused by the negli-
gence of Mrs. Williamson. Answering, Mrs. Williamson denied negli-
gence and alleged the collision and plaintiff's injuries were proximately
caused by the negligence of Mr. Black. Mr. Black was joined as a de-
fendant in respect of the cross action for contribution alleged by Mrs.
Williamson. Answering, Mr. Black denied the essential allegations of
Mrs. Williamson's cross complaint for contribution.

After the pleadings were filed, plaintiff's counsel proceeded to
examine Mrs. Williamson adversely before Mrs. Rose M. Senn, a
Notary Public, on January 19, 1962, in accordance with informal con-
sent arrangements for such examination. Plaintiff had not obtained
or applied for an order of the "judge or clerk" appointing a commis-
sioner to hold such examination in accordance with G.S. § 1-568.11.
Plaintiff's counsel examined Mrs. Williamson as to what occurred on
the occasion of the collision. The examination proceeded without inci-
dent until certain questions asked by plaintiff's counsel were challeng-
ed by Mrs. Williamson's counsel as relating to law rather than fact,
*e.g.,* this question: "And do you say that Mr. Black failed to yield the
right of way to you?" When Mrs. Williamson, on advice of counsel,
refused to answer the questions challenged as improper by her counsel,

plaintiff's counsel stated that he withdrew his "stipulation" and the informal adverse examination ended.

On January 25, 1962, on plaintiff's application, Rachel B. Ingle, Assistant Clerk of the Superior Court of Mecklenburg County, signed an order for the adverse examination of Mrs. Williamson by plaintiff, appointed Mrs. Senn as Commissioner with full statutory powers, and designated the time (February 6, 1962) and place for such adverse examination. On January 30, 1962, Mrs. Williamson, through her counsel, moved to vacate said order of January 25, 1962, asserting, *inter alia,* her health would be placed in jeopardy by further examination, and praying, *inter alia,* "if the court determines that the plaintiff is entitled to further examination, the same be ordered upon written interrogatories." Thereupon, the said Assistant Clerk, by order of February 1, 1962, set aside so much of her order of January 25, 1962, as required Mrs. Williamson to appear for adverse examination on February 6, 1962, and set February 8, 1962, as the time for a hearing on Mrs. Williamson's said motion.

After hearing, J. Edward Stukes, Clerk of the Superior Court of Mecklenburg County, in his discretion, by order dated February 28, 1962, denied Mrs. Williamson's said motion, "reinstated in full force and effect" the said order of January 25, 1962, and set April 20, 1962, as the date for the adverse examination of Mrs. Williamson. Mrs. Williamson excepted to said order of February 28, 1962, and appealed therefrom to a judge of the superior court.

After hearing in the superior court, Judge Walker, in his discretion, by order dated March 29, 1962, affirmed the clerk's said order of February 28, 1962, and Mrs. Williamson gave notice of appeal to the Supreme Court.

On April 26, 1962, the said clerk, allowing Mrs. Williamson's motion therefor, changed the date for the adverse examination of Mrs. Williamson from April 20, 1962, to May 21, 1962, "in order that she may have opportunity to docket her appeal and seek further stay in the Supreme Court of North Carolina until a final determination of the Appeal." A petition filed by Mrs. Williamson in this Court for a stay of the clerk's order providing for her adverse examination was denied May 18, 1962.

It appears from exhibits attached to the motion to dismiss appeal filed in this Court by appellees (but not from the record filed by appellant herein) that the clerk, subsequent to his order of April 26, 1962, ordered that the adverse examination of Mrs. Williamson be deferred until disposition by this Court of appellant's purported appeal.

*Warren C. Stack and James L. Cole for plaintiff appellee.*
*Carpenter, Webb & Golding for defendant Williamson, appellant.*
*Kennedy, Covington, Lobdell & Hickman and Edgar Love, III, for*
*additional defendant Black, appellee.*

PER CURIAM. The purported appeal is from an interlocutory
order of a superior court judge, affirming an order of the clerk entered
in accordance with G.S. § 1-568.11. It does not deprive appellant of a
substantial right and no appeal lies therefrom. G.S. § 1-277; *Raleigh
v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669.

It is also noted that no exception or assignment or error appears in
the record. The closest approximation is appellant's notice of appeal
from Judge Walker's order. No error appears upon the face of the
record.

Appellant asserts the order for her adverse examination provides for
an examination *de novo,* thus subjecting her to a second examination
concerning matters covered by her testimony on January 19, 1962. Ap-
pellees, in their brief, assert "(t)here is nothing in the order appealed
from which purports to subject the defendant to re-examination 'with
respect to those matters concerning which she has already testified at
length,' " and that they have no disposition to re-examine appellant
concerning matters covered by her previous testimony. If, upon further
adverse examination, appellant should refuse to answer any question
propounded, whether she would be required to answer is determinable
in accordance with G.S. § 1-568.18 and G.S. § 1-568.19. See *Berry
Brothers Corp. v. Adams-Millis Corp.,* 257 N.C. 263, 125 S.E. 2d 577.

Appeal dismissed.