N. HERMAN COTTON AND WIFE, IRENE EVANS COTTON AND DENVER
LEE COTTON AND WIFE, MARION JACKSON COTTON, PETITIONERS,
v. JAMES ROBIE COTTON AND WIFE, CAROLYN COTTON, ANNETTE
COTTON PATE AND HUSBAND, EARL E. PATE, AND CAROLYN FAYE
COTTON FLOWERS AND HUSBAND, JOEL P. FLOWERS, RESPONDENTS.

(Filed 29 March, 1967.)

1. **Partition § 6;    Appeal and Error § 49—**

On appeal from the clerk's order for actual partition, the technical rules
governing the admissibility of evidence will not be strictly enforced, since
it will be presumed that the court will disregard inadmissible testimony
in making its findings, and the court's findings, when supported by com-
petent evidence, are conclusive even though some incompetent evidence
may have been heard.

2. **Partition § 6—**

The court's finding that the tract of farm land, with tobacco, corn and
wheat allotments, could not be actually partitioned without injury to
some of the parties, *held* supported by the evidence in view of the impact
on value of the small amount of allotment for each parcel and the lack of
balance between wood, farm and pasture land, and the suitability of the
soil for the production of crops not subject to crop regulations.

APPEAL by Petitioners from *Peel, J.,* September, 1966 Civil Ses-
sion, WAYNE Superior Court.

The Petitioners filed before the Clerk of the Superior Court of
Wayne County a proper pleading alleging that N. Herman Cotton
and wife, Irene Evans Cotton and Denver Lee Cotton and wife,
Marion Jackson Cotton together own a 5/6 interest and Respond-
ents James Robie Cotton, Carolyn Faye Cotton Flowers and Ann-
ette Cotton Pate each own a 1/18 interest as tenants in common
in a described tract of farm land containing 169.59 acres located in
Wayne County. The Petitioners allege they desire to hold their in-
terest in severalty, that the tract of land can be and should be par-
titioned in kind, and that actual partition can be made without
injury to any of the parties.

The Respondents filed answer admitting the ownership as ten-
ants in common according to the interest set out in the petition.
However, they deny that the land is so situated as to permit of ac-
tual partition without injury to some of the parties and allege that
it is of such character that injury to some or all the parties will re-
sult from an actual partition. The whole tract carries a tobacco
allotment of 3.25 acres; a corn allotment of 24 acres and a wheat al-
lotment of 7 acres; and actual partition will result in a 25 to 30%
decrease in the value of the Respondents' interest. They allege that
an offer of $40,000 for the entire tract has been made. The Re-

spondents request the Court to order a sale for partition and the proceeds distributed according to the several interests of the parties.

The Clerk of the Superior Court, on a basis apparently of the verified pleadings, ordered an actual partition and appointed commissioners to divide the land and assign to each tenant in common his share. The Respondents appealed.

At the hearing Judge Peel heard many witnesses for each side. The Judge made findings of fact, and based thereon concluded that actual partition could not be made without injury to some of the tenants and ordered a sale of the whole tract and the division of the proceeds according to the respective interests of the parties. The Petitioners appealed to the Supreme Court.

*Robert H. Futrelle for Petitioner appellants.*
*Braswell & Strickland by Roland C. Braswell for Respondent appellees.*

PER CURIAM. The principal objections raised to the findings and conclusions entered by Judge Peel involve the admissibility of evidence. This type of hearing is different and is governed by rules of evidence different from those followed in jury trials. The Judge's experience and learning enabled him to weigh and to evaluate the testimony and to disregard that which under strict rules would be inadmissible in a jury trial.

In this case the evidence of injury to some of the parties is amply sufficient to support Judge Peel's findings and conclusions. For example, each of the Respondents would be entitled to a 1/18 interest in the tobacco allotment of 3.26 acres, 1/18 of 24 acres allotted to corn and 1/18 of 7 acres allotted to wheat. Lack of balance between wood, farm, and pasture has great weight in determining the value of farm lands. Large acreage and crop allotments enable the owner to purchase machinery and to devote time to crop production in proportion to the crop allotment, and the suitability of the soil for the production of crops not subject to allotment regulation.

The record fails to disclose any error of law. The judgment is
Affirmed.