FRED J. STANBACK, JR. v. VANITA B. STANBACK

No. 7619SC413

(Filed 20 October 1976)

**1. Trial § 10— court's limitation of defendant's testimony — no error**

In a hearing on defendant's motion to modify a previously entered judgment providing for the custody and support of the parties' children, the trial court did not unduly limit defendant's testimony by (1) interrupting her and admonishing her that she need not "go into that" and that she should answer questions and not ad-lib or ramble, or (2) refusing to let her testify regarding an itemized list of her living expenses which she had prepared.

**2. Trial § 5— sequestration of witnesses — no error**

The trial court did not err in requiring defendant's witnesses to be sequestered but allowing certain of plaintiff's witnesses to testify in the presence of each other, since at the time defendant testified the court's sequestration order was not in effect, and defendant's witnesses were therefore able to hear her testimony; furthermore, the record did not show which of plaintiff's witnesses were allowed to hear

Stanback v. Stanback

other witnesses' testimony or that defendant made any objection thereto.

**3. Trial § 57— hearing without jury — rules of evidence relaxed**

In a trial or hearing by the court without a jury the rules of evidence are not so strictly enforced as in a jury trial, and it will be presumed that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby.

**4. Trial § 58— hearing without jury — conclusiveness of findings**

In a trial or hearing without a jury the findings by the court are conclusive if supported by any competent evidence, notwithstanding that there is evidence contra which would sustain findings to the contrary.

**5. Divorce and Alimony §§ 23, 24— child custody and support — findings of fact supported by evidence**

In a hearing on defendant's motion to modify a previously entered judgment providing for the custody and support of the parties' children, the trial court's findings relating to the environment in which the three children in question would live while in the custody of plaintiff and relating to the responsibility of plaintiff to contribute for repairs and upkeep of the home where the children resided with defendant were supported by competent evidence.

APPEAL by defendant from *Collier, Judge*. Judgment entered 1 December 1975 in Superior Court, ROWAN County, and order entered 22 December 1975 in chambers. Heard in the Court of Appeals on 23 September 1976.

Defendant appeals from a judgment modifying a previously entered judgment providing for the custody and support of the three children of the parties and from an order denying her a new trial. Portions of the record pertinent to this appeal are summarized as follows:

Plaintiff instituted this action on 28 March 1965 seeking a divorce from bed and board. Defendant filed a cross action asking for alimony without divorce and custody of the three children, namely, Bradford, born on 1 April 1959, Lawrence, born on 25 August 1960, and Clarence, born on 29 June 1965.

The cause came on for trial at the 11 March 1968 civil session of Rowan Superior Court before Judge Exum. After a jury was empanelled, the court was advised that the parties had agreed on the terms of a separation agreement with respect to alimony. Thereupon, the court, sitting without a jury, conducted a hearing relating to the custody of and support for the children.

Pursuant to the hearing, on 9 May 1968 Judge Exum entered an order finding extensive facts and concluding that each of the parties was of good moral character and fit to have custody of the children; that the best interest of the children would be served by placing them in the care and custody of both parties, with physical custody in defendant subject to their spending part of the time with plaintiff. The court ordered that the children live with defendant, subject to certain specified times that they would spend with plaintiff; and that plaintiff would pay to defendant the sum of $500 per month for their maintenance and support and also pay all hospital, medical and dental bills incurred on their behalf and further provide them with whatever preparatory, college and graduate education "the children appear to be fitted to obtain."

On 5 September 1973 defendant filed a motion alleging changed conditions and asking that the 9 May 1968 judgment with respect to child custody and support be modified. (At some time between those dates the parties were divorced.)

The motion came on for hearing before Judge Collier at the October 1975 session of the court. Following a three-day hearing, the court entered a judgment making lengthy findings of fact and modifying the previous judgment in the following respects: Increased the time that the three boys will spend with plaintiff; substantially increased the amount that plaintiff will pay for the support of the boys; made special provisions regarding church attendance; and set forth the following provisions with respect to repairs to and other expenses of the home belonging to and occupied by defendant:

"That a Trust Fund shall be established for the proper maintenance, repair, and necessary expenses for the house of the defendant in which the minor children will be residing at least a portion of the time until the youngest child reaches his eighteenth birthday, with a person agreeable to both parties designated as the Trustee, or, if the parties cannot agree on a Trustee, a person to be appointed by the court, who shall be a person with some knowledge of home maintenance and repair and the available community resources to provide proper maintenance, into which Fund the plaintiff will pay the sum of Ten Thousand ($10,000.00) Dollars to put the house into proper repair and good condition to the extent the Ten Thousand Dollars can do so, and

into which Trust Fund each party shall contribute the sum of Two Hundred ($200.00) Dollars a month, with the first contribution by each party to be made by January 10, 1976, and by the 10th of each month thereafter, which sums shall be used by the Trustee to pay all ad valorem taxes, insurance, and upkeep until the youngest boy reaches the age of eighteen years, at which time the Trust Fund will terminate and any remaining balance will be paid equally to the plaintiff and the defendant, and from which Trust Fund the Trustee shall be paid the sum of ten (10%) percent annually for his time, with the Trustee specifically directed by the court to consult with the defendant prior to making any decisions with regard to any repairs, renovations, or other expenditures made at the house, but with the Trustee to have full discretion after such consultation to make such repairs as he deems necessary and appropriate to keep the house in good shape, with the Trustee further being directed by the court to give consideration to any suggestions or requests made by the defendant, and to make periodic inspections of the premises, but retaining full discretion as to what expenditures should be made, consistent with the need to keep the house in good shape and repair and the available funds for such purpose, giving priority in all cases to the payment of all ad valorem taxes and insurance. That the Trustee shall file an annual account with the Clerk of the Court to be filed in the court file of this cause, with a copy to be furnished to each party by the Trustee.

"That prior to the plaintiff being required to pay the Ten Thousand ($10,000.00) Dollars hereinabove provided, the defendant must provide satisfactory evidence that she has either renegotiated any current debt on the house or has in any manner she chooses brought the debt current and put it on a basis that it can be retired with periodic monthly payments consistent with her income and the defendant shall execute a note secured by a deed of trust in favor of the plaintiff for Ten Thousand ($10,000.00) Dollars without interest, to become due and payable at any time the house is sold, under foreclosure or voluntarily, before the youngest boy reaches his eighteenth birthday, at which time the note will be marked satisfied, the monthly contributions will cease, the Trustee will distribute any balance remaining in the Trust Fund as herein-

above provided, and the defendant will own the property free and clear of this indebtedness."

On 10 December 1975 defendant filed a motion asking for a new trial on the ground that she did not receive a fair trial due to certain improper conduct by plaintiff and his counsel prior to and after the hearing. On 22 December 1975 the court entered an order denying this motion.

Defendant appealed, assigning errors.

*Hudson, Petree, Stockton, Stockton & Robinson, by Norwood Robinson and George L. Little, Jr., and Kluttz and Hamlin, by Clarence Kluttz, for plaintiff appellee.*

*Walser, Brinkley, Walser & McGirt, by Walter F. Brinkley, for defendant appellant.*

BRITT, Judge.

[1] First, defendant contends the trial court committed error when it did not permit her "to offer full and complete evidence when the evidence she attempted to offer was both relevant and pertinent." We find no merit in this contention.

Under this contention defendant argues that in presenting her case it was necessary that she bring out many pertinent facts relating to the background of the long controversy between her and plaintiff; that the trial court demonstrated "an attitude of haste and intolerance" with respect to permitting her to testify fully and offer all necessary evidence. She cites instances in which the court interrupted her testimony with the admonition that she need not "go into that," that she should answer questions and not "ad-lib" or ramble, and the refusal to let her testify regarding an itemized list of *her* living expenses which she had prepared.

It is clear that the trial judge has the duty to supervise and control the trial of causes to prevent injustice to either party, *Greer v. Whittington,* 251 N.C. 630, 111 S.E. 2d 912 (1960), and in discharging that duty the judge has large discretionary powers. *Miller v. Greenwood,* 218 N.C. 146, 10 S.E. 2d 708 (1940). And it is the duty of the judge to control the examination and cross-examination of witnesses. *Greer v. Whittington, supra.*

The record in this case discloses that defendant's testimony on direct and redirect examinations consumes approximately thirty-eight pages and on cross-examination some twenty-eight pages. A careful review of the record leads us to conclude that His Honor did not unduly limit defendant's testimony.

[2] Defendant contends the court erred in the manner in which it conducted the hearing. Specifically, defendant argues that the court prejudiced her cause when it required her witnesses to be sequestered but allowed certain of plaintiff's witnesses to testify in the presence of each other. This contention has no merit.

The assignment of error embodying this contention is supported by defendant's exception No. 6. The record discloses that defendant was the first witness to testify; that following her testimony there was a recess for lunch; that after the recess the trial judge made the following statement: "In the interest of the welfare of these children I think in my discretion I am going to hear and permit only the attorneys, the parties and their immediate families and, of course, court officials, to be present for the balance of the case." The hearing was then resumed in another courtroom with only those named by the court present. Defendant made no objection to the court's action.

The sequestration of witnesses rests in the sound discretion of the trial court. *Berry Bros. Corp. v. Adams-Millis Corp.*, 257 N.C. 263, 125 S.E. 2d 577 (1962). We perceive no abuse of discretion in this case. At the time defendant testified the court's sequestration order was not in effect, therefore, her witnesses were able to hear her testimony which, no doubt, outlined her contentions. Furthermore, the record fails to disclose which of plaintiff's witnesses were allowed to hear other witnesses' testimony or that defendant made any objection thereto.

In her third and fourth contentions defendant argues that the court erred in excluding competent evidence offered by her and in admitting incompetent evidence offered by plaintiff. These contentions have no merit.

[3] Clearly the testimony which the court excluded were conclusions of the witnesses. As to the challenged testimony of plaintiff, assuming *arguendo* that it was incompetent, we perceive no prejudice to defendant. In a trial or hearing by the

court without a jury, the rules of evidence are not so strictly enforced as in a jury trial and it will be presumed that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby. 7 Strong, N. C. Index 2d, Trial § 57. There is no showing that the judge was influenced by the challenged testimony.

Defendant contends next that the court erred in making certain findings of fact and in its judgment relating to the custody of the children. We find no merit in this contention.

[4] Defendant argues that the court should have made findings of fact as tendered by her. No useful purpose would be served in setting out here the findings made by the court and those proposed by defendant. It suffices to say that while the evidence might have supported the findings requested by defendant, it supported those found by the court. It is well settled that in a trial or hearing without a jury the findings by the court are conclusive if supported by any competent evidence, notwithstanding that there is evidence contra which would sustain findings to the contrary. 7 Strong, N. C. Index 2d, Trial § 58, page 379.

As to the judgment, while the findings of fact made by the court would support different provisions for dividing custody of the children between the parties, the decision was one for the trial judge to make. G.S. 50-13.2. The trial court and not the appellate court has the opportunity to observe the demeanor of the witnesses, hear their testimony and, in this case, confer privately with the children.

[5] Defendant contends the court erred in its findings of fact relating to "the environment in which the three minor children of the parties would live while in the custody of plaintiff." This contention has no merit.

The evidence revealed that after the parties were divorced plaintiff remarried and that his present wife has two minor daughters who live in plaintiff's home. Defendant argues that while the evidence showed that plaintiff has a comfortable home that it is not sufficiently large to provide desirable accommodations for the two girls and plaintiff's three boys. While it is true that defendant's home would provide more room and less crowded accommodations than plaintiff's home,

Stanback v. Stanback

we think the findings made by the trial court are supported by the evidence.

Defendant contends the court erred in its findings relating to the responsibility of plaintiff to contribute for repairs and upkeep of the home where the children will reside with defendant.

The assignments of error embodying this contention are supported by Exceptions 21 and 23 which are to findings of fact 11 and 16; also Exception 29 which is that part of the judgment quoted in the early part of his opinion. In findings 11 and 16 the court found that defendant's home is in a poor state of repair, that major repairs are necessary to provide a suitable home for the boys when staying with defendant, but that she has incurred an indebtedness of $40,000 which is secured by a deed of trust on the home; that defendant is not qualified by training, education or experience to supervise the making of necessary repairs to the home; and that proper measures should be taken to insure that money provided by plaintiff for repairs and maintenance will be properly spent to the end that the house will be available and adequate until the youngest boy reaches age 18.

We conclude that the findings are supported by the evidence. As to the provisions of the judgment quoted above, providing for a trustee and imposing certain requirements on defendant, we hold that the trial judge exercised his lawful authority. Our statutory law and our case law provide trial judges with broad authority in making provision for the custody and support of minor children. Indicative of this are the numerous remedies set forth in G.S. 50-13.4, ending with subsection (11) which states that the specific enumeration of remedies shall not constitute a bar to remedies otherwise available.

Defendant contends that the court erred in that it failed to order plaintiff to pay a sufficient amount for the support and maintenance of the children. We find no merit in this contention. The trial court has wide discretion in determining the amount to be paid for the support of children and we perceive no abuse of discretion in this case.

Defendant contends the trial court erred in denying her motion for a new trial. It suffices to say that we have carefully considered this contention and find it also to be without merit.

Finally, defendant contends the court erred in signing the judgment for the reason that the conclusions of law and the mandate of the court were not based upon proper findings of fact which were supported by competent evidence. We find no merit in this contention but hold that the findings of fact were fully supported by the evidence, the conclusions of law were supported by the findings of fact and the conclusions of law provide sufficient basis for the judgment.

For the reasons stated, the judgment and order appealed from are

Affirmed.

Judges PARKER and CLARK concur.