EARL N. PHILLIPS, JR., AND WIFE, SARAH BOYLE PHILLIPS v. STANLEY DAVIS PHILLIPS, AND WIFE, KATHERINE ANTHONY PHILLIPS

No. 7718SC710

(Filed 1 August 1978)

1. **Partition § 7.2— value of property—findings by commissioners—appellate review**

   The appellate court will not review findings of commissioners, approved by the superior court, as to the value of property in partitioning proceedings.

2. **Partition § 7— division of property without injury to cotenants—sufficiency of evidence**

   The trial court's finding in a partitioning proceeding that the property could be divided without injury to the cotenants, with owelty of $70,450 charged to one parcel, was supported by competent evidence, although the evidence was conflicting.

**3. Partition § 7 — slight diminution in value by partition**

A $2,100 diminution in value when property worth $280,000 was partitioned, or $1,050 per cotenant, was not a substantial or material impairment of the rights of the cotenants in the property so that an actual partition would be unconscionable.

APPEAL by respondents from *Walker (Ralph A.), Judge.* Judgment entered 1 April 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 30 May 1978.

Petitioners instituted this special proceeding seeking partition by actual division of a tract of land consisting of approximately 14 acres located in High Point. The property in question is owned by petitioner Earl N. Phillips, Jr. and respondent Stanley Davis Phillips, brothers, as tenants in common (subject to the marital interests of their wives), by virtue of the will of their late father, Earl N. Phillips, Sr. Respondents contend that the land in question is more valuable as a whole and should be sold rather than divided in kind.

On 17 March 1976, a hearing was held before the Assistant Clerk of Superior Court, who found that the tract of land could be divided in kind without material injury to the cotenants, and appointed commissioners to divide the land. Respondents filed exceptions and notice of appeal. The order of the Assistant Clerk was affirmed after a hearing in superior court before Judge William Z. Wood, by judgment entered 23 July 1976. Respondents filed exceptions.

On 9 September 1976, an order was entered by the Clerk of Superior Court, with the consent of the parties, removing the original commissioners who had stated that they would be willing to partition the property but would not determine which portion each of the parties would receive, and appointing replacement commissioners.

On 18 November 1976, the commissioners' report was filed, allocating an 8.361 acre tract, including house, pool, and pool house, to respondents, and allocating a 5.71 acre tract to petitioners. A cash dividend (owelty) of $70,450.00 was charged against the share allocated to respondents. As determined by the commissioners, the market value of the entire property, undivided, was $280,000.00. The total value of the property as divided

was found to be $277,900.00. Thus the value of the shares allocated to the opposing parties, including the cash dividend, was $138,950.00 each. Respondents filed exceptions to the report of the commissioners.

A confirmation hearing was held before the Clerk of Superior Court on 17 December 1976. By order entered 5 January 1977, the Clerk found that partition in kind would cause substantial and material injury to the cotenants and that the only equitable method of partitioning would be by sale of the property as a whole. Whereupon, the Clerk vacated the commissioners' report and ordered the sale of the property. Petitioners filed exceptions to the order of the Clerk and gave notice of appeal to superior court.

The matter came on for hearing in superior court, and both parties presented evidence. On 1 April 1977, an order was entered finding facts adverse to respondents and confirming the report of the commissioners.

Respondents appealed.

*Hudson, Petree, Stockton, Stockton & Robinson, by Norwood Robinson and Steven E. Philo, for petitioners.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Luke Wright and William W. Jordan, for respondents.*

BROCK, Chief Judge.

The crux of this appeal is respondents' objection to the partition in kind of the land in question. Certain principles which guide the courts in deciding whether to order a sale of property owned by cotenants in lieu of an actual partition of the property are set out in *Brown v. Boger*, 263 N.C. 248, 255-257, 139 S.E. 2d 577, 582-583 (1965). Among those principles are the following: A tenant in common is entitled, as a matter of right, to a partition in kind if it can be accomplished equitably. That is to say, partition in kind is favored over sale of the land for division, and the burden is upon those opposing a partition in kind to establish the necessity of a sale. G.S. 46-22 allows the court to order a sale where it is proven that actual partition cannot be had without injury to some or all of the cotenants. Injury to a cotenant means "substantial injustice or material impairment of his rights or position, such that it would be unconscionable to require him to submit to actual par-

tition." The test of such injury is whether the value of each co-tenant's share upon actual partition would be *materially less* than the monetary share of each that could probably be obtained from a sale of the whole. Whether there should be a partition in kind or a partition by sale is to be determined on the facts of each case. The findings of the trial judge are conclusive and binding if supported by competent evidence; the judge has discretion in making the determination, and his decision will not be disturbed absent some error of law.

We now proceed to examine respondents' assignments of error. Respondents bring forward twelve assignments of error in five arguments.

[1] For their first argument, assignments of error numbers 1 and 8, respondents contend that the trial court erred in adopting the report of the commissioners as to the value of the subject proper-ty. This argument is without merit.

Respondents contend that the valuations assigned by the commissioners are not supported by evidence which was presented at trial, and especially point to an offer by respondent Stanley Davis Phillips to purchase the property as a whole for $320,000.00 as evidence of the market value of the property. However, the appellate courts of this jurisdiction are not disposed to review findings of commissioners, approved by the superior court, as to the value of property in partition proceedings. *See Fisher v. Toxaway Co.*, 171 N.C. 547, 88 S.E. 887 (1916). The trial court in the instant proceeding made the following finding of fact:

> "(18) The values assigned by the Commissioners to the property as a whole, including improvements, and the values assigned to the tracts and improvements allocated to the respective tenants in common are fair and reasonable and represent present market values."

Respondents' own expert witness, W. Calvin Reynolds, testified as to the good character and reputation of the three commis-sioners and their substantial experience in the real estate business.

We decline to review the valuations assigned to the subject property by the commissioners, as confirmed by the trial court.

Respondents' assignments of error numbers 1 and 8 are overruled.

[2] For their second argument, covering assignments of error numbers 6, 7, 9, 10, 11, 13 and 14, respondents contend that the trial court erred in finding and concluding that the subject property could be divided without injury to the cotenants. We disagree.

As noted *supra*, the trial court's findings are conclusive if supported by competent evidence. The evidence in the instant case was conflicting as to whether the property would be more valuable as a whole, or as divided. The trial court made the following pertinent findings of fact and conclusions of law:

"(16) The southern tract of the property allocated to the petitioner Earl N. Phillips, Jr. and consisting of approximately 5.7 acres, is suitable for either a single family dwelling or for future subdivision, and neither use of that tract nor any other use permitted by current High Point zoning ordinances, which uses include institutional uses such as for schools or churches, doctors' offices, or residential subdivisions, would cause any material damage to the northern tract consisting of approximately 8.3 acres allocated to respondent Stanley Davis Phillips.

(17) The property is worth as a whole no more than it is divided in the manner allocated by the Commissioners' the value of the share of each cotenant in the manner allocated is worth at least as much as the money equivalent to be realized by each cotenant should the property be sold by partition sale; and the division of the 14 acre tract made by the Commissioners will not adversely affect either the northern or southern tract.

(18) The values assigned by the Commissioners to the property as a whole, including improvements, and the values assigned to the tracts and improvements allocated to the respective tenants in common are fair and reasonable and represent present market values.

(19) The line drawn by the Commissioners to divide the property between the two tenants in common has been placed in such a manner as to effect the most equitable divi-

sion in kind of the property, whereby each assigned tract retains suitable accesses to adjoining streets, each tract has the capability of remaining and/or developing its highest and best use and the major existing improvements still used are allocated to the northern tract to be used in conjunction with the home.

(20) The owelty of $70,450 charged the more valuable tract in favor of the inferior tract is fair and reasonable and necessary to equalize the several interests and effect the most equitable partition and the payment of that owelty will work no economic hardship on the respondent Stanley Davis Phillips.

(21) The division in kind made by the Commissioners will not cause any injuries to any of the parties to this Special Proceeding.

(22) The respondents have had the division line determined by the Commissioners, located in the ground and stakes placed on this line.

The Court now makes the following Conclusions of Law:

(1) The property is suitable for a division in kind.

(2) The division in kind, with owelty, effected by the Commissioners, causes no substantial or material injury to any of the parties to this Special Proceeding.

(3) The Report of the Commissioners should be accepted and confirmed."

We will not detail all the evidence; suffice it to say that these findings are supported, even though the evidence is in conflict.

[3] Respondents contend that the trial judge was inconsistent in his adoption of the commissioners' valuations and his further finding that the property was worth no more as a whole than divided. Admittedly, the commissioners valued the property as a whole at $280,000, and as divided at $277,900. The question before the court was whether actual division would result in injury to the cotenants. Referring to the meaning of "injury" to the cotenants, as set out *supra*, we hold that a $2,100 diminution in value, or $1,050 per cotenant, is not a substantial or material impairment of

the rights of the cotenants in the property worth $280,000, so that an actual partition would be unconscionable. Certainly the trial judge so concluded. As pointed out in petitioners' brief, the court costs and commissioners' fees incurred in conducting a sale would likely amount to more than the difference in values as found by the commissioners.

The assignments of error presented by respondents' second argument are overruled.

Respondents assign error to the introduction of tax valuations into evidence. Assuming this evidence to be incompetent, there is substantial evidence in the record to support the judgment of the trial court. We presume the court disregarded incompetent evidence. *Stanback v. Stanback*, 31 N.C. App. 174, 229 S.E. 2d 693 (1976), *cert. denied*, 291 N.C. 712 (1977). This assignment of error is overruled.

Assignment of error to the exclusion of testimony of value by one of respondents' experts is overruled. Competent or not, the evidence was cumulative of testimony given by other of respondents' experts. It's exclusion could not have been prejudicial error.

Respondents' assignment of error to the denial of their motion for a new trial is overruled.

The judgment of the trial court is

Affirmed.

Judges CLARK and WEBB concur.