CLEVE G. HARRIS AND WIFE, JUDITH S. HARRIS v. C. ROGER HARRIS, SHIRLEY T. HARRIS, AND J.H. McCORMICK AND WIFE, MILDRED C. McCORMICK

No. 8017SC639

(Filed 3 March 1981)

1. **Partition § 6– partition proceeding – effect of tobacco allotment – testimony by cotenant**

In this proceeding to determine whether land should be partitioned in kind or by sale, a cotenant had sufficient familiarity with the property and with tobacco allotment procedures to permit him to state an opinion as to whether the apportionment of a tobacco allotment among the individual tracts would increase or decrease the value of the entire property where the cotenant testified that he was a farmer familiar with tobacco allotment apportionment and had recently helped with such a procedure, the cotenant stated he had managed these particular tracts as well as other farmland, and the cotenant described the physical nature of the land, its improvements, and its uses.

2. **Partition § 6– partition by sale rather than in kind – sufficiency of evidence**

In a partition proceeding in which the court concluded that the tracts of land in question should be partitioned by sale rather than in kind, the evidence supported findings by the court concerning a purchase money deed of trust on the entire property which could not be prepaid, the dissimilarity of the nature, location and condition of the tracts, the lack of balance among their uses, the presence of a cemetery and access road on one tract, and the tobacco allotment on the tracts.

3. **Partition § 6.1– partition by sale – court's use of "prejudice" rather than "injury"**

The trial court's use of the term "prejudice" rather than "injury" in determining that land should be sold rather than partitioned in kind did not render the court's order invalid, since "prejudice" was not tantamount to mere "inconvenience."

APPEAL by respondent Shirley T. Harris from *Riddle, Judge.* Judgment entered 14 February 1980 in Superior Court, SURRY County. Heard in the Court of Appeals 16 January 1981.

This case arises out of a special proceeding petition seeking partition by sale of property held by tenants in common.

Petitioner Cleve G. Harris owns a 50 percent undivided interest in six tracts of land in Surry County. His wife, Judith S. Harris, is a party only by virtue of her contingent marital interest in the property. Respondent C. Roger Harris owns a 31-¼ percent undivided interest, and respondent Shirley T.

Harris, former wife of C. Roger Harris, owns an 18-¾ percent undivided interest in the property. Respondents J.H. and Mildred C. McCormick are holders of a note and deed of trust securing an indebtedness on all the land.

Petitioners seek to have the property sold for purpose of division, alleging that the best interests of all the parties would be served thereby. Respondent Shirley T. Harris filed an answer denying that the property could not be divided in kind and sought to have commissioners appointed to apportion the property.

The deed of trust provides for payments to be made annually on the note, ending in 1985. It further provides: "This note cannot be paid before the due dates." In their answer, the McCormicks prayed that the property be sold subject to their deed of trust, and petitioners replied with a prayer to the same effect.

The matter was heard by the clerk of the superior court of Surry County, who ordered that the property be sold at public auction. Shirley T. Harris and the McCormicks appealed to the superior court.

At the hearing the parties stipulated that the only issue was whether the land should be partitioned in kind or sold for the purpose of division. Only petitioner Cleve G. Harris presented evidence. The court entered findings of fact and conclusions of law. From the court's order that the property be sold at public auction, subject to the deed of trust, respondent Shirley T. Harris appeals.

*Gardner, Gardner, Johnson & Etringer, by Gus L. Donnelly, for petitioner appellees.*

*Hatfield and Allman, by James W. Armentrout, for respondent appellant.*

MARTIN (Harry C.), Judge.

[1] Appellant first contends that the trial court erred in allowing Cleve G. Harris to testify, over objection, as to his opinion of whether the apportionment of the tobacco allotment among the individual tracts would increase or decrease the value of the entire property. She argues that the witness was not qualified

as an expert and that his opinion had no probative value or proper foundation.

Any witness, not necessarily an expert, may give his opinion of the value of specific real property if he has knowledge gained from experience, information, and observation. 1 Stansbury's N.C. Evidence § 128 (Brandis rev. 1973). Cleve Harris testified that he was a farmer familiar with tobacco allotment apportionment, having recently helped with such a procedure. As a co-owner, he had managed these particular tracts, as well as other farmland. He described the physical nature of the land, its improvements, and its uses. We hold that he had sufficient familiarity with the property and with allotment procedures to form an opinion as to the effect of division.

Furthermore, the evidence was heard by the judge sitting without a jury.

> This type of hearing is different and is governed by rules of evidence different from those followed in jury trials. The Judge's experience and learning enabled him to weigh and to evaluate the testimony and to disregard that which under strict rules would be inadmissible in a jury trial.

*Cotton v. Cotton*, 269 N.C. 759, 760, 153 S.E. 2d 489, 490 (1967). Appellant would have us distinguish the *Cotton* case, which affirmed an order for partition by sale under similar facts, asserting that in the instant case there was no other evidence to support Judge Riddle's conclusions that some or all of the cotenants would be prejudiced or injured by actual partitioning. This argument flies in the face of the record, as it is apparent from the evidence and the findings of fact that the court's decision was based upon a variety of factors which could constitute substantial injury. The assignment of error is overruled.

[2] Appellant next contends that there was insufficient evidence to support the findings of fact upon which the conclusions were based. Findings of fact made by a trial court are binding on appeal when supported by any competent evidence. The judge has discretion in so determining, and his decision will not be disturbed unless some error of law is apparent. *Brown v. Boger*, 263 N.C. 248, 139 S.E. 2d 577 (1965); *Phillips v. Phillips*, 37 N.C. App. 388, 246 S.E. 2d 41, *disc. rev. denied*, 295 N.C. 647 (1978).

A major factor in Judge Riddle's order was the existence of the deed of trust held by the McCormicks. The court found:

(11) That the Respondents, J.H. McCormick and Mildred C. McCormick, are owners and holders of a purchase money deed of trust dated January 29, 1970, which is recorded in Deeds of Trust Book 293, Page 315, Surry County Registry, which is a lien against the real property described in the Petition. That the deed of trust secured an original indebtedness in the sum of $107,600.00, payable in annual installments on January 1 of each year, over a term of fourteen years, and the last installment payment is due January 1, 1985; that the deed of trust provides that the indebtedness thereby secured cannot be paid before its due date or maturity; that neither the parties to this proceeding nor the Court can compel the Respondents, McCormick to accept prepayment of the indebtedness secured by their deed of trust without their consent; that if the Court were to order a partition of this property, the McCormick deed of trust would continue to be a valid first lien against the entire property until paid and satisfied in full; that a default on the part of either owner following actual partition could result in a foreclosure sale to the prejudice of all such owners.

A certified copy of the deed of trust was introduced into evidence, along with testimony regarding the same, supporting the initial portion of the finding. The remainder of the judge's finding is simply judicial notice of the legal effect that the deed of trust has on the property. *See* 1 Stansbury, *supra,* § § 11,12. Appellant contends that this finding is irrelevant and fallacious, arguing in her brief that the lien previously "has been treated as completely insignificant and has taken care of itself without the need for any discussion among the co-tenants." We consider this argument spurious in light of Cleve Harris's testimony that he had been making all the annual payments himself as long as he had been managing the property.

Likewise, we find that the other findings of fact, dealing with the effects of the dissimilarity of the nature, location and condition of the tracts, the lack of balance among its uses, and the presence of a cemetery and access road on one tract, in

addition to the previously discussed tobacco allotment, are all supported by competent evidence in the record.

We note that several of the findings of fact are essentially conclusions of law and will be treated as such on appeal. *Britt v. Britt*, 49 N.C. App. 463, 271 S.E. 2d 921 (1980); *Wachacha v. Wachacha*, 38 N.C. App. 504, 248 S.E. 2d 375 (1978).

[3] Appellant takes issue with the court's usage of the term "prejudice" rather than "injury" in determining that the land should be sold rather than partitioned in kind. The general principles applicable to partitioning proceedings are detailed in *Brown, supra*, and are summarized in *Phillips, supra* at 390-91, 246 S.E. 2d at 43, as follows:

> A tenant in common is entitled, as a matter of right, to a partition in kind if it can be accomplished equitably. That is to say, partitioned in kind is favored over sale of the land for division, and the burden is upon those opposing a partition in kind to establish the necessity of a sale. G.S. 46-22 allows the court to order a sale where it is proven that actual partition cannot be had without injury to some or all of the cotenants. Injury to a cotenant means "substantial injustice or material impairment of his rights or position, such that it would be unconscionable to require him to submit to actual partition." The test of such injury is whether the value of each cotenant's share upon actual partition would be *materially less* than the monetary share of each that could probably be obtained from a sale of the whole. Whether there should be a partition in kind or a partition by sale is to be determined on the facts of each case. [Emphasis in original.]

In *Brown, supra* at 256-57, 139 S.E. 2d at 583, we find:

> A sale will not be ordered merely for the convenience of one of the cotenants. ... The physical difficulty of division is only a circumstance for the consideration of the court. ... On the question of partition or sale the determinative circumstances usually relate to the land itself, and its location, physical condition, quantity, and the like. 68 C.J.S., Partition, § 127, p. 193. "The test of whether a partition in kind would result in *great prejudice* to the cotenant owners is whether the value of the share of each in case of a parti-

tion would be *materially less* than the share of each in the money equivalent that could probably be obtained for the whole." (Emphasis added). 4 Thompson on Real Property, § 1828, p. 309. But many considerations, other than monetary, attach to the ownership of land. Hale v. Thacker, 12 S.E. 2d 524 (W. Va. 1940). No exact rule is possible of formulation to determine the question whether there should be a partition in kind or a partition by sale. The determination must be made on the facts of the particular case.

Under the above standards, we find that the facts of this case support Judge Riddle's order. We cannot agree with appellant's assertion in her brief that " 'prejudice' is tantamount to 'inconvenience' and is not a consideration valid in and of itself to order by [*sic*] a partition by sale." Webster's Third New International Dictionary 1788 (1971) defines prejudice in terms of injury or damage. Additionally, finding of fact 6, technically a conclusion of law, states that division of the property cannot be made without "substantial injury" to some or all of the co-owners. We find no substantial legal distinction and no error in Judge Riddle's usage of the term "prejudice."

Affirmed.

Judges WEBB and WHICHARD concur.