DIXIE ANN BOMER v. TIMOTHY ROBERT CAMPBELL

No. 8330SC892

(Filed 21 August 1984)

**1. Partition § 6.1— necessity for sale rather than partition**
> The trial court did not err in ordering that property owned by the parties as tenants in common be sold rather than divided in kind, since the court's conclusion that an actual division could not be made without injury to one or both of the co-tenants was supported by competent evidence, including evidence that the property consisted of two tracts, one an unimproved lot a little over two acres in size and the other a lot about an acre and a half in size with a two-bedroom house on it.

**2. Judicial Sales § 3— resale of property—bond in amount of high bid—requirement improper**
> The clerk of superior court erred in requiring the highest bidder at a resale of property to deposit a cash bond in the amount of the bid, since there was no finding that such a deposit was necessary. G.S. 1-339.25(a) and (c).

APPEAL by respondent from *Howell* and *Kirby, Judges.* Orders entered 4 October 1982 and 14 April 1983 in Superior Court, JACKSON and MACON Counties. Heard in the Court of Appeals 10 May 1984.

This is a proceeding to partition and sell two adjoining tracts of Jackson County real estate amounting to about 3.65 acres altogether, which the parties own as tenants in common. The lots are situated in a subdivision known as Paradise Mountain; one lot, a little over two acres in size, is unimproved, while the other lot, about an acre and a half in size, has a two bedroom house on it.

Petitioner alleged that because of its size and nature the property cannot be partitioned in kind without injury to the parties; but respondent denied this allegation and asked that the property be divided between them. Following a hearing before the Clerk of Superior Court, a sale of the property was ordered and a Commissioner appointed to accomplish it. Upon appeal to, and a *de novo* hearing by, the judge of Superior Court, a similar order was entered and the matter returned to the Clerk's office. The Commissioner then proceeded to sell the property at an advertised public sale on 10 February 1983, and the last and highest bid therefor was $25,000, submitted by the petitioner; but within ten days thereafter an upset bid in the amount of $28,000 was submitted by respondent and a resale ordered. In ordering the resale, however, the Clerk of Superior Court also directed that "the highest bidder at the sale shall submit a cash bond in the sum of his bid, pursuant to North Carolina General Statute 1-339.25(c)." At the resale conducted on 15 March 1983, the last and highest bid was $40,000 submitted by petitioner; and no upset bid being made within the time allowed, the Clerk entered an order on 28 March 1983 confirming the sale to petitioner at that price.

The respondent objected to the order of confirmation, as well as the various orders leading to it, and further manifested his opposition to the course that the case had taken by moving and petitioning the Clerk not to confirm the sale, to rescind the order requiring a cash bond of the high bidder, and to permit him to submit an upset bid unaccompanied by a cash deposit; but the Clerk declined to rule on respondent's motion and petition. In appealing the Clerk's action and failure to act to the Superior Court judge, respondent also filed a motion for relief from the Clerk's orders under the provisions of Rule 60 of the N.C. Rules of Civil Procedure; after a hearing, respondent's motions, petition, and objections were all overruled by Judge Kirby and the sale of the property to petitioner for $40,000 was confirmed.

*Hunter, Large & Kirby, by Gary E. Kirby, for petitioner appellee.*

*Jones, Key, Melvin & Patton, by Richard Melvin, for respondent appellant.*

PHILLIPS, Judge.

[1]   Respondent's first contention is that the court erred in ordering that the property be sold rather than divided in kind. This contention is overruled. The trial court's conclusion that an actual division of the property cannot be made without injury to one or both of the co-tenants is abundantly supported by the findings made, which in turn are supported by competent evidence. Thus, the order of sale is authorized under the provisions of G.S. 46-22, and is binding upon us. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). Indeed, the size and nature of the two tracts involved, with one lot having a two bedroom house on it, and the other lot, not much bigger, being unimproved, would seem to have made the court's conclusion that a sale was necessary almost inevitable. In all events, this question of fact was determined against the respondent according to law and cannot be disturbed. *Phillips v. Phillips*, 37 N.C. App. 388, 246 S.E. 2d 41, *cert. denied*, 295 N.C. 647, 248 S.E. 2d 252 (1978).

And the respondent's second contention, which concerns certain alleged equities between the parties, requires no consideration, since that issue is not now before us. The record shows that the equities between the parties have not yet been determined and will not be until after the sale is completed and the funds are in hand, ready for distribution. Thus, this contention is premature.

[2]   But the respondent's contention that the Clerk's order requiring a cash bond of the high bidder was erroneous is well taken. Implicit in the authority that G.S. 1-339.25(c) gives Clerks of the Superior Court to require the highest bidder at a resale of property to deposit a cash bond is the requirement that there be some justifiable basis for such an order; otherwise, the discretionary power that the statute gives Clerks in such matters would be unbridled and subject to neither legal review nor remedy. Such is not our law. The general policy of our law favors maximum bidding at judicial sales; and requiring a cash bond in the full amount of the bid, rather than the 5% or so usually deposited under G.S. 1-339.25(a), obviously tends to inhibit bidding when a substantial amount, such as $28,000, has already been bid. It is a matter of common knowledge that few people in this state are capable of depositing $30,000 or $40,000 in cash for any pur-

pose, fewer still can do so without the inconvenience and expense of converting holdings or borrowing from the bank, and not everyone capable of and interested in buying property is willing to go to such inconvenience and expense just to make a bid that might not be acceptable. Yet the Clerk's order requiring a cash bond in the amount of the bid contained no finding that such a deposit was necessary; and nothing in the record suggests that such a finding would have been proper if it had been made. Thus, on this record, it was an abuse of discretion on the Clerk's part to require such a bond and it was error on the Judge's part not to grant respondent relief from it.

The court's order confirming the sale of the property to petitioner is therefore vacated and this matter is remanded to the Superior Court for a continuation of the sale process in accord with the provisions of this opinion and the other laws pertaining thereto. The petitioner's $40,000 bid is not being disturbed, but shall remain in effect under the laws governing such matters until the sale is either confirmed at that price or an upset bid is filed. The respondent or anyone else who desires to do so shall be permitted to upset petitioner's bid by complying with the provisions of G.S. 1-339.25(a) within ten days after the certification of this decision to the Jackson County Superior Court.

Vacated and remanded.

Judge ARNOLD concurs.

Judge HEDRICK concurs in result.