## In the matter of DICK WILLIAMS.

### (Filed 16 December, 1908).

1. **Appeal and Error — Habeas Corpus Proceedings — Summary Effect—State's Appeal.**

The State has no right of appeal from an order releasing a prisoner in *habeas corpus* proceedings, as such proceedings must necessarily be summary to be useful and give the beneficial results intended.

2. **Executive Pardons. Upon Condition — Constitutional Right to Grant.**

The Governor is given the power to grant a pardon upon a condition precedent that the prisoner pay costs of trial; and upon condition subsequent, that he remain of good character, and be sober and industrious. Constitution, sec. 6, Art. 3.

3. **Executive Pardon—Defenses—Procedure.**

A pardon can only be issued after conviction, and therefore it is impossible to plead it as a bar to the prosecution. The remedy is in *habeas corpus* proceedings.

4. **Executive Pardons—Requisites—Acceptance.**

An acceptance of a pardon is essential to its operative effect, as a condition may be annexed rendering it more objectional than the offense of which the prisoner was convicted.

5. **Executive Pardons—Requisites—Delivery.**

The delivery of a pardon is one of its essential requisites; and its delivery to the prisoner's attorney is a constructive delivery to the prisoner.

6. **Executive Pardons— Conditions Precedent and Subsequent — Effect of Acceptance and Delivery.**

After delivery and acceptance of a pardon with conditions precedent and subsequent, it is irrevocable upon the compliance by the prisoner with the condition precedent, unless he shall violate the conditions subsequent by his conduct after the release.

7. **Same—Return of Pardon by Sheriff.**

The sheriff, by returning a pardon after its delivery and acceptance by the prisoner, cannot defeat or impair its legal results.

PROCEEDINGS in *habeas corpus*, from BURKE, heard before *Justice, J.*, 9 June, 1908.

The petitioner was duly convicted in the Superior Court of Burke County of the offense of retailing spirituous liquors contrary to law, and was sentenced to six months in jail, and to be worked on the roads of Gaston County. On 2 May, 1908, the governor of the State issued a pardon containing the condition that the prisoner shall "pay all costs in the case and remain of good behavior, sober and industrious." The pardon was delivered by the governor to R. L. Huffman, attorney for the petitioner Williams, with a request, that when the costs in the case were paid to the Clerk of the Superior Court of Burke County, said pardon should then be delivered to the sheriff of Burke County to be forwarded to the sheriff of Gaston County, where the prisoner was at work. The costs were paid, and the pardon forwarded to the sheriff of Gaston County for the prisoner on 4 May, 1908. The pardon was received by said sheriff, but before he delivered it to the prisoner, the governor wired said sheriff not to exe-.cute the pardon, that it was withdrawn. The prisoner applied to his Honor Judge Justice for a writ of *habeas corpus,* and upon the hearing was discharged. The State appealed.

*Assistant Attorney-General Clement* for the State.
*Riddle & Huffman, John M. Mull* and *John T. Perkins* for defendant.

BROWN, J. The prisoner having been discharged, no practical purpose is to be subserved in prosecuting this appeal, even if the State had such right which, it is plainly intimated in *State v. Miller,* 97 N. C., 452, is not given the State. Proceedings in *habeas corpus,* the object of which is to release a person from illegal restraint, must necessarily be summary to be useful, and if action could be arrested by an appeal upon the part of the State, the great writ of liberty would be deprived of its most beneficial results.

This must be the legislative view, as no provision is made for such an appeal by the State, while an appeal is allowable

to either the petitioner or the respondent where the custody of children is involved. As the matter presented is of public interest, we will, however, consider the appeal on its merits.

The power of the governor to grant conditional pardons under sec. 6, art. 3, of the Constitution, is undoubted. The facts agreed show that executive clemency was extended to the petitioner upon a condition precedent, and also a condition subsequent; the first being that he should pay the costs, and the latter being that he shall "remain of good behavior, sober and industrious."

The costs were paid, but whether the petitioner will remain of good behavior, sober and industrious, the future can only determine.

The prisoner cannot plead to the indictment and set up his pardon as a bar to future prosecution, because, under our State Constitution, it can only be issued after conviction. Therefore, its validity can only be tested in a proceeding of this character.

One of the essential requisites to the validity of a pardon is that it must be delivered, and delivery is not complete without acceptance. Inasmuch as the pardon may be conditional, its acceptance is necessary, for it is possible the condition may be more objectionable than the punishment inflicted by the judgment. *U. S. v. Wilson,* 32 U. S., 150.

The principles applicable to the delivery of a deed and those applicable to the delivery of a pardon are analogous. The delivery of both is complete when the grantor has parted with entire control over the instrument with the intention that it shall pass to the grantee, and the latter has accepted it either in person or by his attorney. *Kille v. Edge,* 79 Penn. St., 15; *Redd v. State,* 65 Ark., 475; *Hunnicutt v. State* (Tex.), 51 Am. Dec., 51.

In this case the prisoner sued for the pardon and it was in consequence delivered to his attorney. This is a constructive delivery to the prisoner, and if he complies with the condition

precedent the pardon is irrevocable, unless he shall violate the conditions subsequent by his conduct after his release. *Ex parte Reno,* 66 Mo., 260; *Henrichsen v. Hogden,* 67 Ill., 179; *In re DePuy,* 3 Benedict, 307.

The sheriff of Gaston County, to whom the pardon was sent for the prisoner, had no right to return it, as the costs had then been paid and the condition precedent performed. His act was inoperative to defeat or impair the legal effect of the pardon. When it reached him, the executive act of grace was complete, even though it had not been delivered to the prisoner's attorney. *Ex parte Powell, supra.*

We are of the opinion that the prisoner was properly released.

Affirmed.