STATE OF NORTH CAROLINA v. ADAM EDWARD SPARKS, JR.

No. COA06-170

(Filed 6 March 2007)

**Probation and Parole— revocation—not a new punishment— conviction for sex offender registration violation—not double jeopardy**

The revocation of parole does not result in a new punishment within the meaning of double jeopardy. The defendant here was not subjected to double jeopardy where he was convicted of child sexual abuse charges, was granted early release, had his parole revoked because he changed his address without notifying his parole officer, and was then convicted of violating the sex offender registration statute based upon his failure to notify the sheriff within ten days of his change of address.

Judge TYSON dissenting.

Appeal by the State from order entered 24 October 2005 by Judge Timothy L. Patti in Catawba County Superior Court. Heard in the Court of Appeals 11 October 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Ashby T. Ray, for the State.*

*Richard E. Jester, for defendant-appellee.*

LEVINSON, Judge.

The State appeals from the trial court's order granting Adam Edward Sparks, Jr.'s (defendant) motion to dismiss. We reverse.

On 29 November 1999, defendant pled guilty to indecent liberties with a child, crimes against nature, and sexual activity by a substitute parent. Defendant's guilty plea required defendant to register as a sex offender under N.C. Gen. Stat. § 14-208.7.

On 24 February 2003, the North Carolina Department of Correction granted defendant early release after he had served thirty-nine months. Defendant was placed on intensive supervision in Catawba County for six months. Defendant registered as a sex offender in Catawba County on 24 February 2003.

On 4 December 2003, defendant's supervising officer, Gary Blalock, completed a post-release supervision violation report alleging defendant: (1) left his residence in Hickory on 27 November 2003 without notifying his probation officer; (2) failed to comply with the sex offender treatment program due to five unexcused absences; and (3) failed to pay $480.00 for his sex offender treatment program.

On 1 July 2004, defendant's early release was revoked because he was "not adjusting satisfactorily or [had] violated conditions of [supervision]." The remaining portion of defendant's original sentence was activated on 1 July 2004 pursuant to N.C. Gen. Stat. § 15A-1373. Defendant was incarcerated from 5 June 2004 through his final, unconditional release on 20 December 2004.

While defendant was incarcerated, a grand jury indicted defendant for failure to comply with sex offender registration in violation of N.C. Gen. Stat. § 14-208.11. This August 2004 indictment alleged defendant failed to register with the Sheriff within ten days after a change of address on 13 December 2003. On 24 October 2005, the trial court dismissed the charge, ·concluding that "to prosecute the Defendant for the offense alleged in the above captioned file number would place the Defendant in jeopardy twice for the same behavior." In its order, the trial court found that defendant's actions—leaving his residence and not making his whereabouts known—were the grounds not only of the parole revocation report which led to his return to prison, but also of the August 2004 indictment for failing to register as a sex offender. The State appeals.

The State contends the prohibitions against double jeopardy are inapplicable to the instant facts and that the trial court erred by granting defendant's motion to dismiss. Defendant counters that his indictment under N.C. Gen. Stat. § 14-208.11(a)(2) violates the double jeopardy provisions of the United States and North Carolina Constitutions because the elements contained in defendant's indictment pursuant to N.C. Gen. Stat. § 14-208.11(a)(2) are also the "elements" for which defendant's post-release supervision was terminated after a parole hearing. Defendant also asserts that his actions in "leaving his residence" and in "not making his whereabouts known" serve as the grounds for both the indictment under N.C. Gen. Stat. § 14-208.11(a)(2) and parole violation report, and that now allowing him to be prosecuted for the indictment would constitute multiple punishments for the same offense in accordance with *Blockburger v. U.S.*, 284 U.S. 299, 76 L. Ed. 306 (1932), and *State v.*

*Etheridge*, 319 N.C. 34, 352 S.E.2d 673 (1987). We conclude that the constitutional protections of double jeopardy are inapplicable to parole revocation proceedings, and therefore reverse the order of the trial court.

The Fifth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution prohibit double jeopardy. U.S. Const. amend. V; N.C. Const. art. I, § 19. "The Double Jeopardy Clause . . . provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' " *United States v. Dixon*, 509 U.S. 688, 695-96, 125 L. Ed. 2d 556, 567 (1993) (quoting U.S. Const. amend. V). Under North Carolina Constitution Article I, section 19, "a person cannot be tried twice for the same offense[.]" *State v. Mansfield*, 207 N.C. 233, 236, 176 S.E. 761, 762 (1934); *see* N.C. Const. art. I, § 19 ("No person shall be taken, imprisoned, or disseized . . . but by the law of the land."); *see also State v. Urban*, 31 N.C. App. 531, 534, 230 S.E.2d 210, 212 (1976) (prohibition against double jeopardy has long been regarded as part of the "law of the land" in North Carolina).

The United States Supreme Court established the test for double jeopardy as:

> [Where] the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. . . . A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Blockburger*, 284 U.S. 304, 76 L. Ed. at 309 (internal quotation marks omitted). "The same-elements test, sometimes referred to as the '*Blockburger*' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696, 125 L. Ed. 2d at 568.

North Carolina has followed the United States Supreme Court's "same elements" test from *Blockburger*. *See Etheridge*, 319 N.C. at 50, 352 S.E.2d at 683 ("Where, as here, a single criminal transaction constitutes a violation of more than one criminal statute, the test to

determine if the elements of the offenses are the same is whether each statute requires proof of a fact which the others do not."); *State v. Perry*, 305 N.C. 225, 232, 287 S.E.2d 810, 814 (1982) (North Carolina's test "follows closely the test employed by the United States Supreme Court to determine whether certain activity constitutes two offenses or only one as set out in *Blockburger*."). "The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Monk*, 132 N.C. App. 248, 252, 511 S.E.2d 332, 334 (1999) (citing *State v. Ballenger*, 123 N.C. App. 179, 180, 472 S.E.2d 572, 572-73 (1996)).

Here, defendant's conditional release was revoked pursuant to N.C. Gen. Stat. § 15A-1373(d) (2005), providing "[i]f the parolee violates a condition at any time prior to the expiration or termination of the period, the [Parole] Commission . . . may revoke the parole as provided in G.S. 15A-1376 and reimprison the parolee[.]" Defendant was indicted in August 2004 pursuant to N.C. Gen. Stat. § 14-208.9(a) (2005), which states "[i]f a person required to register changes address, the person shall provide written notice of the new address not later than the tenth day after the change to the sheriff of the county with whom the person had last registered." "A person required by this Article to register who does any of the following is guilty of a Class F felony . . . (2) Fails to notify the last registering sheriff of a change of address." N.C. Gen. Stat. § 14-208.11(a)(2) (2005).

It is well established in North Carolina that probation revocation hearings are not criminal proceedings and that "double jeopardy protections do not apply to probation revocation hearings." *In re O'Neal*, 160 N.C. App. 409, 413, 585 S.E.2d 478, 481 (2003). The rationale which supports this rule is that revocation of probation is simply a ministerial proceeding which determines whether an individual has violated the conditions of his probation. *See Monk*, 312 N.C. App. at 252, 511 S.E.2d at 334. Probation revocation is, in other words, an administrative proceeding used to determine whether the probationer has violated the conditions of probation, and a court's determination that probation should be revoked does not constitute a new "punishment."

We conclude that parole revocation is so akin to probation revocation as to be functionally indistinguishable for purposes of double jeopardy analysis. *Compare* N.C. Gen. Stat. § 15A-1345 (2005), with N.C. Gen. Stat. § 15A-1368.6 (2005). In short, revocation of parole

STATE v. SPARKS

[182 N.C. App. 45 (2007)]

does not result in an additional punishment within the meaning of double jeopardy. *Accord Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986) (the "double jeopardy clause does not apply to parole revocation proceedings"); *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981) (declining to extend the double jeopardy clause to parole and probation revocation proceedings because they are not designed to punish a criminal defendant for violation of a criminal law); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (parole revocation does not violate double jeopardy); *People v. Sa'ra*, 117 P.3d 51, 58 (Colo. Ct. App. 2004) (double jeopardy protections do not apply to parole revocation because it is "not a proceeding meant to punish"); *Burke v. Goodrich*, 154 Wis. 2d 347, 353, 453 N.W.2d 497, 500 (1990) (denial of discretionary parole is not punishment because even parole revocation is not deemed punishment for double jeopardy purposes).

Reversed.

Judge BRYANT concurs.

Judge TYSON dissents with a separate opinion.

TYSON, Judge, dissenting.

The State failed to assign error to the trial court's findings of fact and those findings are binding upon appeal. The trial court's order should be affirmed. The majority's opinion erroneously reverses the trial court's order granting defendant's motion to dismiss. I respectfully dissent.

## I. Standard of Review

A trial court's findings of fact are binding upon this Court if supported by any competent evidence. *State v. Elliot*, 360 N.C. 400, 417, 628 S.E.2d 735, 747 (2006); *see State v. Pendleton*, 339 N.C. 379, 389, 451 S.E.2d 274, 280 (1994) (The State failed to object to the foregoing findings and did not take exception to them on appeal.), *cert. denied*, 515 U.S. 1121, 132 L. Ed. 2d 280 (1995).

## II. Double Jeopardy

On 11 June 2004, defendant's conditional release was revoked and he was re-incarcerated on the conviction that originally imposed a duty to register his residence with the Sheriff. On 2 August 2004,

defendant was indicted pursuant to N.C. Gen. Stat. § 14-208.11(a)(2), which states: "[a] person required by this Article to register who does any of the following is guilty of a Class F felony . . . (2) Fails to notify the last registering sheriff of a change of address." Under N.C. Gen. Stat. § 14-208.9(a) (2005), "[i]f a person required to register changes address, the person shall provide written notice of the new address not later than the tenth day after the change to the sheriff of the county with whom the person had last registered."

The State appeals from the 24 October 2005 trial court's order. The trial court found as fact:

10. That the actions of the defendant, of allegedly leaving his residence at 780 3rd Ave. Place S.E., Hickory, North Carolina, and not making his whereabouts known *are the basis for the pending criminal charges* in Catawba County file # 04-CRS-11042 *and were also part of the basis for the violation report* which was drafted by the Defendant's probation officer to terminate his post-release supervision.

. . . .

13. That the parole document which terminated/revoked the Defendants' post-release supervision is non-specific as to the reason the Defendant's post-release supervision was terminated/revoked. The Court further finds that one of the allegations for the hearing was that the Defendant had moved from his residence, and that to prosecute the Defendant for moving from his residence without notifying the sheriff in 04-CRS-11042 *would place the Defendant in jeopardy twice for the same behavior.*

(Emphasis supplied). The State failed to assign error to either findings of fact numbered 10 and 13, and they are binding on appeal. N.C.R. App. P. 10 (a) (2006) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal[.]"); *Schloss v. Jamison*, 258 N.C. 271, 275, 128 S.E.2d 590, 593 (1962) ("Where no [assignment of error] is taken to a finding of fact such findings are presumed to be supported by competent evidence and are binding on appeal.").

The trial court's order conclusively states defendant's actions of (1) "leaving his residence" and (2) "not making his whereabouts known" are the basis for *both* defendant's revocation of his post-release supervision and re-incarceration and his subsequent criminal indictment. The trial court's unchallenged findings of fact state this

indictment would place defendant in "jeopardy twice." Once defendant was returned to prison for this violation, the trial court concluded he could not be punished again for the same violation.

The State would not be required to prove any other element to prosecute defendant under N.C. Gen. Stat. § 14-208.11(a)(2). *See United States v. Dixon*, 509 U.S. 688, 696, 125 L. Ed. 2d 556, 568 (1993) (The same-elements test, sometimes referred to as the '*Blockburger*' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution."). Under N.C. Gen. Stat. § 14-208.11(a)(2), the State was required to prove defendant: (1) left his residence and (2) failed to make his whereabouts known. The trial court found the State was required to prove these two elements in order to revoke defendant's conditional release and re-incarcerate him for the remainder of his sentence for the crime that originally imposed on him the requirement to initially register with the Sheriff under N.C. Gen. Stat. § 14-208.11(a)(2).

Accepting the State's argument that defendant's indictment does not punish him twice for the same offense would allow the State to also indict defendant for failure to re-register after he was re-incarcerated with his new address in prison. The State would not be required to prove any additional element to re-incarcerate defendant and convict him under N.C. Gen. Stat. § 14-208.11(a)(2). The State's argument ignores any circumstances that required defendant to leave his residence.

The trial court's unchallenged and binding finding of fact shows defendant was indicted after the State proved the same elements that caused his re-incarceration. These findings of fact are conclusive and binding on appeal. The trial court properly granted defendant's motion to dismiss.

## III. Conclusion

The trial court's unchallenged and binding finding of fact numbered 10 states that "the actions of the defendant, of allegedly leaving his residence . . . and not making his whereabouts known *are the basis for the pending criminal charges* in Catawba County file # 04-CRS-11042 *and were also part of the basis for the violation report*[.]" The trial court properly concluded that "to prosecute the Defendant for the offense alleged in the [indictment] would place the Defendant in jeopardy twice for the same behavior." The Fifth

Amendment of the United States Constitution and Article I, Section 19 of the North Carolina Constitution bar the State from seeking to impose "multiple punishments for the same offense." *See State v. Monk*, 132 N.C. App. 248, 252, 511 S.E.2d 332, 334, *disc. rev. denied*, 350 N.C. 845, 539 S.E.2d 1 (1999). I vote to affirm the trial court's order granting defendant's motion to dismiss. I respectfully dissent.