STATE OF NORTH CAROLINA v. ADAM EDWARD SPARKS, JR.

No. 160A07

(Filed 7 March 2008)

### 1. Appeal and Error— findings to which no error assigned— reviewed as a conclusion

Findings of fact which are essentially conclusions of law will be treated as such on appeal, and a finding which was actually a conclusion was reviewed even though error was not assigned to the finding.

### 2. Constitutional Law— double jeopardy—post-release revocation—sex offender's failure to register change of address

Prosecution of a defendant under N.C.G.S. § 14-208.11 (failure to register a change of address as a sex offender) and revocation of his post-release supervision for sexual offenses does not violate double jeopardy principles. A post-release revocation hearing is not a criminal prosecution; moreover, revocation and reinstatement of the original sentence results from the original felony convictions rather than the conduct which triggered the revocation (absconding from the post-release officer).

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 182 N.C. App. 45, 641 S.E.2d 339 (2007), reversing an order entered 24 October 2005 by Judge Timothy L. Patti in Superior Court, Catawba County. Heard in the Supreme Court 10 September 2007.

*Roy Cooper, Attorney General, by Ashby T. Ray, Assistant Attorney General, for the State.*

*Richard E. Jester for defendant-appellant.*

HUDSON, Justice.

Here we review a decision of the Court of Appeals reversing the trial court's order granting, on double jeopardy grounds, defendant's motion to dismiss the criminal charge of failing to register his change of address with the county sheriff as required by N.C.G.S. § 14-208.9. The majority in the Court of Appeals determined that the constitutional protections of double jeopardy do not apply to a post-release

supervision and parole revocation hearing[1] (hereinafter, "post-release revocation hearing") and that the revocation of post-release supervision (hereinafter, "post-release") and reinstatement of the time remaining on the original sentence do not constitute new or additional punishment. Hence, the Court of Appeals concluded that double jeopardy did not bar the State from pursuing a criminal charge against defendant for failing to register as a sex offender. We affirm.

## I. BACKGROUND

On 29 November 1999, defendant Adam Edward Sparks, Jr. pleaded guilty to sexual activity by a substitute parent, indecent liberties with a child, and crime against nature, offenses classified respectively as Class E, Class F, and Class I felonies. N.C.G.S. §§ 14-27.7(a), -202.1, -177 (2005). Defendant was sentenced to an active term of twenty-five to thirty-nine months for sexual activity by a substitute parent, plus a consecutive sixteen to twenty month term for the other convictions. In addition, N.C.G.S. § 14-208.7 required defendant to register as a sex offender.

On 24 February 2003, after defendant had served thirty-nine months in prison, he was granted early release and placed on post-release. On the same date, defendant registered as a sex offender in Catawba County in accordance with section 14-208.7.

On 4 December 2003, defendant's post-release supervising officer completed a Post-Release Supervision and Parole Commission violation report, which alleged that defendant had violated conditions of his post-release by: (1) leaving his residence without notifying his post-release officer and failing to make his whereabouts known, rendering himself "an absconder"; (2) failing to pay the monthly supervision fee set by law; and (3) not complying with his mandatory sex offender treatment program (over five unexcused absences and an outstanding balance of $480.00 in costs for such treatment).

---

1. We are aware that the statutory requirements dealing with revocation proceedings are located in separate sections depending upon whether a defendant is on post-release supervision or on parole. Nevertheless, the respective provisions which govern both forms of conditional release are virtually identical. *Compare* N.C.G.S. § 15A-1368.6 (2005) (post-release supervision) *with* N.C.G.S. § 15A-1376 (2005) (parole). In addition, in practice, the Post-Release Supervision and Parole Commission, the agency charged by our legislature to "adopt rules governing the hearing[s]" utilizes the same procedure regardless. *Id.* §§ 15A-1368.6, -1376; *see also* Stevens H. Clarke, *Law of Sentencing, Probation, and Parole in North Carolina* 189 (Inst. of Gov't, Chapel Hill, N.C., 2d ed. 1997) [hereinafter, Clarke, *Sentencing*]. As such, we refer to such proceedings in general terms as "post-release revocation proceedings."

On 1 July 2004, the North Carolina Department of Correction's Post-Release Supervision and Parole Commission ("Commission") revoked defendant's post-release status, which it called "parole," after "having found that this parolee [was] not adjusting satisfactorily or [had] violated conditions of parole," pursuant to "[N.C.G.S. §] 15A-1373."[2] The Commission activated the remainder of defendant's original sentence, which defendant served from 5 June 2004 through 20 December 2004, the date of his final, unconditional release.

On 2 August 2004, while defendant was serving out his time, a grand jury indicted him for failing to comply with sex offender registration as required by N.C.G.S. § 14-208.9 and in violation of N.C.G.S. § 14-208.11, which is a Class F felony. Specifically, the indictment alleged that on or about 13 December 2003, defendant

fail[ed] to register with the Sheriff's office in the County where the defendant did in fact reside and fail[ed] to provide written notice of his change of address no later than the 10th day after his change in address to the Sheriff's office in the County of Catawba with whom the individual was last registered.

Defendant moved to dismiss the charge, alleging that the State could not both revoke his post-release for absconding and prosecute him for failing to notify the sheriff about his change of address without violating constitutional prohibitions against double jeopardy. On 19 September 2005, defendant testified that a hearing officer informed him at his June 2004 post-release revocation hearing that "he found me guilty of absconding, and that was the only thing he found me guilty of." On 24 October 2005, the trial court allowed defendant's motion and dismissed the charge, concluding that "to prosecute the Defendant for the offense alleged . . . would place the Defendant in jeopardy twice for the same behavior."

The State appealed. In the Court of Appeals, the State argued that double jeopardy protection did not apply here and the trial court

---

2. We note that the documentation from the Commission which is included in the record states that defendant's "parole" was revoked. Defendant was on post-release supervision and not parole, and post-release supervision is not perfectly synonymous with parole under our statutory scheme. *Compare* N.C.G.S. ch. 15A, art. 84A (2005) *with* N.C.G.S. ch. 15A, art. 85 (2005). Further, the documentation incorrectly states that defendant's "parole" was revoked by the "authority of section 15A-1373 of the General Statutes of North Carolina." Under our statutory structure, the Commission's authority to revoke a defendant's parole based upon his violation of a parole condition is authorized by section 15A-1373, but its authority to revoke a defendant's post-release is derived from section 15A-1368.3. N.C.G.S. §§ 15A-1368.3, -1373 (2005).

erred by allowing defendant's motion to dismiss. The State asserted, *inter alia*, that as with probation revocation hearings, double jeopardy does not apply to these post-release proceedings. Specifically, the State contended that like a probation revocation hearing, a post-release revocation hearing is not a criminal prosecution and revoking post-release and activating the remaining sentence does not constitute new or additional punishment. The State maintained that such hearings merely involve an administrative determination of whether the supervisee violated one or more conditions of release, and if so, whether to revoke his post-release and impose consequences.

Defendant contended that a post-release revocation hearing is more like a criminal contempt proceeding and consequently is a criminal prosecution. He asserted that since the indictment contained the same "elements" as the conduct for which his post-release was revoked, allowing the State to prosecute him for the indictment would violate the *Blockburger* or "same elements" test for double jeopardy. *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309 (1932). The Court of Appeals majority agreed with the State and reversed the trial court's order. *State v. Sparks*, 182 N.C. App. 45, 49, 641 S.E.2d 339, 342 (2007).

The dissenter would have affirmed the trial court and concluded that defendant would be placed in double jeopardy if the State were permitted to indict and prosecute him for failing to register as a sex offender. *Id.* at 51-52, 641 S.E.2d at 343 (Tyson, J., dissenting). The dissenting judge reasoned that because the State failed to object to two of the trial court's findings of fact, these "unchallenged findings of fact [which] state [that] this indictment would place defendant in 'jeopardy twice' " were binding on appeal. *Id.* at 50-51, 641 S.E.2d at 343. These "findings of fact" are:

10. That the actions of the defendant, of allegedly leaving his residence at 780 3rd Ave. Place SE, Hickory, North Carolina, and not making his whereabouts known are the basis for the pending criminal charges in Catawba County file # 04-CRS-11042 and were also part of the basis for the violation report which was drafted by the Defendant's probation officer to terminate his post-release supervision.

. . . .

13. That the parole document which terminated/revoked the Defendant's post-release supervision is non-specific as to

the reason the Defendant's post-release supervision was terminated/revoked. The Court further finds that one of the allegations for the hearing was that the Defendant had moved from his residence, and that to prosecute the Defendant for moving from his residence without notifying the sheriff in 04-CRS-11042 would place the Defendant in jeopardy twice for the same behavior.

The dissent went on to note that the "trial court's order conclusively states [that] defendant's actions of (1) 'leaving his residence' and (2) 'not making his whereabouts known' [were] the basis for *both* defendant's revocation of his post-release supervision and re-incarceration and his subsequent criminal indictment." *Id.* at 50, 641 S.E.2d at 343. As a result, "[t]he trial court properly concluded that 'to prosecute the Defendant for the offense alleged in the [indictment] would place the Defendant in jeopardy twice for the same behavior.' " *Id.* at 51, 641 S.E.2d at 343 (brackets added by court).

## II. ANALYSIS

**[1]** First, we address the argument, brought forth by defendant to this Court due to the dissenting opinion, that the State failed to assign error properly to the trial court's findings of fact, which rendered them binding on appeal and conclusively established a double jeopardy violation. It is well established that if a party fails to object to the findings of fact and bring them forward on appeal, they are binding on the appellate court. *See, e.g., State v. Pendleton*, 339 N.C. 379, 389, 451 S.E.2d 274, 280 (1994), *cert. denied*, 515 U.S. 1121, 132 L. Ed. 2d 280 (1995). However, "findings of fact [which] are essentially conclusions of law . . . will be treated as such on appeal." *Harris v. Harris*, 51 N.C. App. 103, 107, 275 S.E.2d 273, 276 (citations omitted), *disc. rev. denied*, 303 N.C. 180, 280 S.E.2d 452 (1981); *see also City of Charlotte v. Heath*, 226 N.C. 750, 755, 40 S.E.2d 600, 604 (1946) ("The label of fact put upon a conclusion of law will not defeat appellate review."). In distinguishing between findings of fact and conclusions of law, "[a]s a general rule, . . . any determination requiring the exercise of judgment or the application of legal principles is more properly classified a conclusion of law." *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (citing *Plott v. Plott*, 313 N.C. 63, 74, 326 S.E.2d 863, 870 (1985), and *Quick v. Quick*, 305 N.C. 446, 452, 290 S.E.2d 653, 657-58 (1982)).

Here, the trial court's statement in finding of fact number 13 "[t]hat to prosecute the Defendant for moving from his residence without notifying the sheriff . . . would place the Defendant in jeop-

ardy twice for the same behavior" is actually a conclusion of law because a determination of double jeopardy requires the exercise of judgment and the application of legal principles. Conclusions of law are fully reviewable on appeal. *See, e.g., State v. Smith,* 346 N.C. 794, 797, 488 S.E.2d 210, 212 (1997). The State did assign error to the trial court's conclusion of law that a double jeopardy violation occurred in the instant case. Hence, we review de novo whether the State's prosecution of defendant for failing to register his change of address violates double jeopardy.

Next, we address the Court of Appeals majority's conclusion that "the constitutional protections of double jeopardy are inapplicable" here. *Sparks,* 182 N.C. App. at 47, 641 S.E.2d at 340-41 (majority). The constitutional prohibition against double jeopardy protects a defendant from "additional punishment and successive prosecution" for the same criminal offense. *United States v. Dixon,* 509 U.S. 688, 696, 125 L. Ed. 2d 556, 568 (1993). "The [Double Jeopardy] [C]lause protects against three distinct abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *State v. Thompson,* 349 N.C. 483, 495, 508 S.E.2d 277, 284 (1998) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65 (1969), *limited by Alabama v. Smith,* 490 U.S. 794, 104 L. Ed. 2d 865 (1989)). North Carolina's " 'law of the land' clause incorporates similar protections under the North Carolina Constitution." *State v. Ballenger,* 123 N.C. App. 179, 180, 472 S.E.2d 572, 573 (1996) (citing N.C. Const. art. I, § 19), *aff'd per curiam,* 345 N.C. 626, 481 S.E.2d 84 (1997), *cert. denied,* 522 U.S. 817, 139 L. Ed. 2d 29 (1997).

Based on the above law and the record indicating that the hearing officer found that defendant absconded from his post-release supervising officer in violation of his conditional release, we must determine: (1) whether this post-release revocation hearing was a criminal prosecution, and (2) whether the criminal prosecution of defendant pursuant to section 14-208.11 for failing to notify the sheriff of his change of address in accordance with section 14-208.9 and the revocation of his post-release constitute multiple punishments for the same offense. Our answer to both questions is no. We hold that double jeopardy does not bar the State from prosecuting defendant under section 14-208.11 for his alleged failure to register his change of address with the sheriff as required by section 14-208.9.

## A. CRIMINAL PROSECUTION

[2] Although this Court has not specifically addressed whether a post-release revocation hearing is a criminal prosecution, it has long held that a "proceeding to revoke probation is not a criminal prosecution." *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 479 (1967); *see also State v. Braswell*, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973). In support of this conclusion, our appellate courts have noted that unlike criminal prosecutions, probation revocation proceedings are informal, summary proceedings. *Hewett*, 270 N.C. at 353, 154 S.E.2d at 479-80; *see State v. Monk*, 132 N.C. App. 248, 252-53, 511 S.E.2d 332, 334-35, *appeal dismissed and disc. rev. denied*, 350 N.C. 845, 539 S.E.2d 1 (1999). This Court has also noted that:

> The inquiry of the court at such a hearing is not directed to the probationer's guilt or innocence [as in a criminal prosecution], but to the truth of the accusation of a violation of probation. The crucial question is: Has the probationer abused the privilege of grace extended to him by the court?

*Hewett*, 270 N.C. at 352, 154 S.E.2d at 479.

This Court reasoned further that a decision to revoke probation affects "conditional" and not absolute liberty and "[t]he rights of an offender in a proceeding to revoke his conditional liberty . . . are not coextensive with the . . . constitutional rights of one on trial in a criminal prosecution." *Id.* at 351, 154 S.E.2d at 478 (citations omitted). Hence, while an individual facing the possibility of probation revocation is entitled to certain procedural protections such as the right to appear before a judge, no formal trial is required and strict rules of evidence do not apply. *Id.* at 353, 154 S.E.2d at 479-80; *see also* N.C.G.S. § 15A-1345 (2005). Unlike in a criminal prosecution, "the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt." *Hewett*, 270 N.C. at 353, 154 S.E.2d at 480 (citations omitted).

Numerous similarities between a post-release revocation hearing and a probation revocation hearing support the State's contention and the conclusion that such a hearing is not a criminal prosecution, but rather an informal, summary proceeding. As with probation, "[t]he purpose of the revocation hearing is to determine whether the parolee or the [post-release] supervisee committed violations of conditions of [his conditional release] and, if so, whether parole or [post-release] should be revoked." Clarke, *Sentencing* 189. Next, regardless of whether the decision is to revoke a defendant's parole or his

post-release both entail the revocation of a defendant's "conditional" liberty. N.C.G.S. §§ 15A-1373(a) (parole), -1368.3(a) (post-release). Furthermore, as in the probation context, the defendant is not afforded the same procedural protections as when facing criminal prosecution. For example, formal rules of evidence do not apply and violations need not be proved beyond a reasonable doubt. N.C.G.S. §§ 15A-1376 (parole), -1368.6 (post-release).

In addition to these similarities, the fact that both parole and post-release supervision have always been functions of the executive and not the judicial branch supports the conclusion that these hearings are not criminal prosecutions. *Jernigan v. State*, 10 N.C. App. 562, 565-66, 179 S.E.2d 788, 791 ("[T]he power to grant and to revoke paroles developed originally as a function of the executive branch of government" and "has never been considered to be a judicial function."), *aff'd*, 279 N.C. 556, 184 S.E.2d 259 (1971); *see* Act of July 24, 1993, ch. 538, 1993 N.C. Sess. Laws 2298, 2329-70 (codified as amended at N.C.G.S. ch. 15A, arts. 84A and 85, and ch. 143B, art. 6, pt. 3 (2005)) (creating post-release supervision and entrusting administration of post release and parole programs to the Commission).

Further, we note that the majority of federal courts that have considered the issue, including the United States Supreme Court, have determined that probation, parole, and federal supervised release[3] revocation hearings are not criminal prosecutions. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 36 L. Ed. 2d 656, 661-62 (1973) (probation); *Morrissey v. Brewer*, 408 U.S. 471, 480, 33 L. Ed. 2d 484, 494 (1972) ("[R]evocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."); *see Johnson v. United States*, 529 U.S. 694, 700-01, 146 L. Ed. 2d 727, 736 (2000) (supervised release).

In addition to this federal jurisprudence, appellate courts of other states that have considered the issue have uniformly reached the same conclusion. *E.g.*, *Billings v. State*, 53 Ark. App. 219, 224, 921 S.W.2d 607, 610 (1996) ("Neither parole revocation nor sus-

---

3. Approximately ten years before our legislature enacted Structured Sentencing, Congress enacted the Sentencing Reform Act of 1984, which eliminated most forms of parole for federal crimes and created supervised release. Sentencing Reform Act, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended at 18 U.S.C. §§ 3551-3586 (2000)); *see Gozlon-Peretz v. United States*, 498 U.S. 395, 397, 112 L. Ed. 2d 919, 925 (1991). Like parole and post-release supervision, federal supervised release allows a defendant to serve part of his sentence outside prison walls subject to his compliance with certain prescribed conditions. 18 U.S.C. § 3583 (2000).

pended sentence revocation is a stage of a criminal prosecution.") (citations omitted); *People v. Gallegos*, 914 P.2d 449, 451 (Colo. Ct. App. 1995) ("[A] criminal contempt proceeding is distinguishable from a parole revocation proceeding, which is not a criminal prosecution."); *Smith v. State*, 171 Ga. App. 279, 282-83, 319 S.E.2d 113, 117 (1984) ("A probation hearing is not a part of the criminal prosecution and is not a second sentencing, or second imposition of punishment for the same offense."); *McQueen v. State*, 862 N.E.2d 1237, 1243 (Ind. Ct. App. 2007) ("[D]ouble jeopardy protection applies only to criminal proceedings and probation revocation proceedings are not criminal proceedings.").

Accordingly, we conclude that a post-release revocation hearing is not a criminal prosecution. In reaching this conclusion, we note that the extensive authority cited above, both from this state and from other jurisdictions, fails to support defendant's argument that such a hearing is analogous to a nonsummary criminal contempt proceeding. *See Dixon*, 509 U.S. at 696, 125 L. Ed. 2d at 567-68 (stating that "criminal contempt . . . enforced through nonsummary proceedings[] is 'a crime in the ordinary sense' " and the constitutional protections of double jeopardy apply (citations omitted)).

## B. MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE

Our appellate courts have determined that probation revocation and its corresponding consequences, such as activation of a suspended sentence, result from a defendant's original conviction and not from the probation revocation hearing or the conduct which violates conditions of probation. *Hewett*, 270 N.C. at 352, 154 S.E.2d at 479 ("Although revocation of probation results in the deprivation of a probationer's liberty, the sentence he may be required to serve is the punishment for the crime of which he had previously been found guilty."); *Monk*, 132 N.C. App. at 253, 511 S.E.2d at 335 (same). As such, our courts have recognized that the possibility of probation revocation and its corresponding consequences were imposed on a defendant in the original conviction and sentence.

While we have not previously addressed this issue as we do here, the overwhelming majority of courts that have considered the issue have determined that the government may revoke a defendant's probation, parole, or supervised release and impose accompanying sanctions without violating double jeopardy. *See, e.g., United States v. Woodrup*, 86 F.3d 359, 361-62 (4th Cir.) ("[A] sentence imposed upon the revocation of probation or parole is not punishment for the con-

duct prompting the revocation, but, rather, a modification of the original sentence for which the probation or parole was authorized . . . . We believe that the same must be true in the context of revocations of supervised release." (internal citations omitted)), *cert. denied*, 519 U.S. 944, 136 L. Ed. 2d 245 (1996); *United States v. Brown*, 59 F.3d 102, 104-05 (9th Cir. 1995) (per curiam) ("Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation. Parole and probation are part of the original sentence." (internal citation omitted)). In addition, in *Johnson v. United States*, a case involving supervised release, the United States Supreme Court noted a potential pitfall in not attributing revocation and post-revocation penalties to the original offense. There, the Court stated:

> Where the acts of violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation . . . were also punishment for the same offense. Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have done), avoids these difficulties.

529 U.S. at 700-01, 146 L. Ed. 2d at 736 (citations omitted). The Court in *Johnson* concluded, "We therefore attribute postrevocation penalties to the original conviction." *Id.* at 701, 146 L. Ed. 2d at 736.

We also attribute revocation of a defendant's post-release and post-revocation penalties to the original conviction(s) and not to the revocation proceeding or to the condition(s) the defendant violated. Therefore, we conclude that revocation of defendant's post-release and reinstatement of the time remaining on his original sentence result from defendant's original felony convictions and not from his conduct which triggered the revocation, absconding from his post-release officer. As such, while the State's successful criminal prosecution of defendant for violating N.C.G.S. § 14-208.11 would result in punishment, it does not constitute new or additional punishment for the same offense in violation of double jeopardy principles.

In addition, we note that federal circuit courts have previously determined that "double jeopardy does not preclude criminal prosecution for conduct which also serves as the basis for a *parole* or *probation* revocation." *See United States v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir.) (citations omitted), *cert. denied*, 515 U.S. 1127, 132 L. Ed. 2d 290 (1995). In *United States v. Woodrup*, the Fourth Circuit

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[362 N.C. 191 (2008)]

noted that considerable caselaw to this effect exists in the probation and parole contexts:

> In the analogous contexts of probation and parole, the [federal] courts of appeals, reasoning from the like fact that a sentence imposed upon the revocation of probation or parole is not punishment for the conduct prompting the revocation, but, rather, a modification of the original sentence for which the probation or parole was authorized, have consistently held that the subsequent criminal prosecution and punishment for conduct which previously served as the basis for a revocation of probation or parole does not offend the Double Jeopardy Clause of the Fifth Amendment.

86 F.3d at 361-62 (citations and footnote omitted). Federal circuit courts have reached the same conclusion in the context of supervised release. *Id.* at 363 ("[T]he Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which has formed the basis for revocation of a term of supervised release." (citations omitted)).

### III. Conclusion

Accordingly, in the instant case, we affirm the Court of Appeals and hold that the State may criminally prosecute defendant pursuant to N.C.G.S. § 14-208.11 for failing to notify the sheriff of his change of address as required by N.C.G.S. § 14-208.9.

AFFIRMED.