An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-189

Filed 15 October 2025

Wake County, No. 23CV000996-910

BRYAN FAIRCLOTH, Plaintiff,

v.

AMANDA FAIRCLOTH, Defendant.

Appeal by defendant from order entered 11 October 2024 by Judge Damian McCullers in Wake County District Court. Heard in the Court of Appeals 25 September 2025.

*No brief filed for Bryan Faircloth, pro se, plaintiff-appellee.*

*Bosquez Porter Family Law, by Emily C. Jeske, for defendant-appellant.*

ARROWOOD, Judge.

Amanda Faircloth ("mother") appeals from an order granting her and Bryan Faircloth ("father") joint physical and legal custody of their two minor children. For the following reasons, we vacate the trial court's order and remand for further written findings of fact.

I. Background

Mother and father separated on 27 July 2022 and divorced on 12 September 2023. They share two minor children. Father filed a complaint for child custody on 26 January 2023. A temporary order for child custody was entered by consent on 10 May 2023. The temporary order granted joint legal custody to mother and father and primary physical custody to mother. On 18 March 2024, the trial court determined that this matter was "high-conflict" and appointed a parenting coordinator to assist in facilitating the custody order. The matter went to trial on 19 August 2024.

At trial, mother presented evidence of father's history of domestic violence during and after their marriage. For example, mother testified that on several occasions, father threatened to hurt her, including one instance shortly after their separation where father stated that he was going to "gut" her. Additionally, mother testified about an incident on 12 September 2022 in which father confronted mother when she visited their former marital home to retrieve personal items. Mother stated that while at the home, father grabbed her by the throat and screamed at her. As a result of the 12 September incident, father pled guilty to a charge of assault on a female and mother was granted a domestic violence protective order ("DVPO").

Mother also testified about father's lack of compliance with previous court orders. For example, mother stated that despite an order instructing father not to change any utilities out of mother's name, he removed mother's name from the power four times. Mother further expressed concern about father's admitted violation of the

DVPO. The appointed parenting coordinator also provided trial testimony about father's compliance and understanding of previous court orders. He stated that father was frequently confused about what was in the court orders but would follow directives once corrected.

On 11 October 2024, the trial court issued its permanent child custody order with the following relevant findings of fact:

> 9. The Court finds that this is a high conflict case.
> . . . .
> 12. Both of the minor children are generally healthy.
> 13. Plaintiff is currently employed at John Deere and testified that he has a reasonably flexible work schedule.
> 14. Defendant is currently employed as a bar manager at Brickhouse Bar and has recently engaged new employment at Pinpoint Raleigh. Defendant testified that she has a reasonably flexible work schedule.
> 15. Both parties have been involved in the lives of the minor children since their births.
> 16. Both parties love the minor children and have extended family who love the minor children.
> 17. Both parties are fit and proper persons to have the custodial roles assigned as set forth below in the decretal paragraphs below.
> 18. The parties are able to comply with this Order as set forth hereafter.

The omitted findings of fact recounted the procedural history of the case, established the trial court's jurisdiction, and described the age and school enrollment of the minor children. Based on these findings, the trial court concluded that both parties were fit to have custody of the children and that it was in the best interest of the children for both parents to have custody. Accordingly, the trial court awarded joint legal and

physical custody of the children to mother and father. Mother filed a Notice of Appeal to this Court on 26 November 2024.

## II. Discussion

Mother raises three issues on appeal: 1) whether the trial court violated a statutory mandate in failing to make any findings of fact regarding evidence presented of domestic violence between the parties; 2) whether the evidence presented at trial supports the trial court's findings of fact, and whether those findings of fact support its conclusions of law and the award of joint legal and physical custody; and 3) whether the trial court erred in determining that the legal and physical custody arrangement it ordered was in the best interest of the minor children. We address each issue below.

## A. Standard of Review

The standard of review for challenges to a child custody order is abuse of discretion. *Efstathiadis v. Efstathiadis*, 296 N.C. App. 605, 607 (2024). "[T]he trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings." *Peters v. Pennington*, 210 N.C. App. 1, 12–13 (2011). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *State v. Smith*, 300 N.C. 71, 78–79 (1980)).

## B. Domestic Violence

Mother contends the trial court erred in failing to make findings of fact about

the evidence presented about the history of domestic violence between the parties.

Generally, when awarding custody of a minor child, the guiding standard for trial courts is the welfare and best interest of the child. *Rosero v. Blake*, 357 N.C. 193, 207 (2003); *see also* N.C.G.S. § 50-13.2 (2025). In determining what custody arrangement is in the best interest of the child, "the court shall consider all relevant factors including acts of domestic violence between the parties." N.C.G.S. § 50-13.2(a). Furthermore, "[a]n order for custody must include written findings of fact that reflect the consideration of each of these factors and that support the determination of what is in the best interest of the child." *Id.* Where trial courts have failed to make critical findings of fact, this Court has vacated the custody order and remanded the matter for the trial court to make written findings of fact. *See Aguilar v. Mayen*, 293 N.C. App. 474, 482–83 (2024).

Here, mother presented evidence of a history of domestic violence between the parties through her testimony recounting specific instances of threats and violence, the DVPO against father, and father's conviction for assault on a female. However, the trial court made no written findings of fact that reflected consideration of the history of domestic violence or how its consideration supported its determination of the best interests of the children. While the trial court may have indeed considered the parties' history of domestic violence, its failure to make corresponding written findings of fact violates N.C.G.S. § 50-13.2(a). Therefore, we vacate the trial court's custody order and remand the matter to the trial court to make written findings of

fact in accordance with N.C.G.S. § 50-13.2.

### C. Challenged Findings of Fact

Mother also challenges several of the trial court's findings of fact and argues that the findings of fact do not support the trial court's conclusions of law. Because we are vacating the custody order and remanding for additional findings of fact, we do not consider whether the order's conclusions of law are supported by the existing findings of fact. However, mother's challenges to whether the findings of fact are supported by sufficient evidence propose additional grounds for vacating and remanding the order. Thus, to fully resolve the appeal and provide guidance to the lower court, we discuss mother's challenges below.

### 1. Finding of Fact 12

Finding of Fact 12 states:

12. Both of the minor children are generally healthy.

Mother challenges Finding of Fact 12 as unsupported by competent evidence. Mother contends that little evidence was presented about the health of the children and what was presented mostly concerned the minor children's past illnesses and injuries.

However, mother's own trial testimony supports the trial court's finding of fact. At trial, mother was asked whether the children were generally healthy and she responded, "[f]or the most part. They don't really have any ongoing issues. . . . We've had a couple of ER visits, but other than that, they're pretty healthy." While there was other evidence presented of the children being ill or injured, mother's testimony

about the children's general health is sufficient to support the trial court's finding.

## 2.     Finding of Fact 15

Finding of Fact 15 states:

> 15. Both parties have been involved in the lives of the minor children since their births.

Mother challenges Finding of Fact 15 as unsupported by competent evidence. Specifically, mother argues that little evidence was presented regarding the care of the minor children prior to the parties' separation and that the term "involved" is inappropriately vague.

While perhaps not explicitly stated at the trial, the parties' involvement in the children's lives since birth could be reasonably inferred from witness testimony. For example, trial testimony implied that both parties lived together with the children during their marriage. Additionally, the children's paternal grandmother testified that she had been involved in the children's lives since birth. Taken altogether, this evidence, combined with a lack of evidence to the contrary, is sufficient to support the trial court's finding of fact that both parents have been involved in the minor children's lives since birth. Moreover, the term "involved" is often used to describe a parent's presence in a child's life and is not so vague as to require further proceedings. *See, e.g.*, *Aguilar*, 293 N.C. App. at 478.

## 3.     Finding of Fact 17

Finding of Fact 17 states:

> 17. Both parties are fit and proper persons to have the custodial roles assigned as set forth below in the decretal paragraphs below.

Mother challenges Finding of Fact 17 as merely conclusory and unsupported by competent evidence.

Where a finding of fact is essentially a conclusion of law, it will be treated as such on appeal. *In re Adoption of C.H.M.*, 371 N.C. 22, 28 (2018). "In distinguishing between findings of fact and conclusions of law, '[a]s a general rule, . . . any determination requiring the exercise of judgment or the application of legal principles is more properly classified a conclusion of law.' " *Id.* (quoting *State v. Sparks*, 362 N.C. 181, 185 (2008) (alterations in original)). Here, Finding of Fact 17 is essentially a conclusion of law. As noted above, because we are vacating and remanding the order for additional findings of fact, it is unnecessary to consider whether the order's conclusions of law are supported by its findings of fact.

### 4. Finding of Fact 18

Finding of Fact 18 states:

> 18. The parties are able to comply with this Order as set forth hereafter.

Mother challenges Finding of Fact 18 as unsupported by competent evidence. In support of her challenge, mother points to the evidence of father's lack of compliance with previous orders.

There is substantial evidence in the record to support Finding of Fact 18. For

example, while the parenting coordinator testified that father was frequently confused about the contents of the court's previous orders, he also stated that father was receptive to his advice and directives after the order was explained. The trial court's finding of fact is not a guarantee that the parties will follow the order but rather a finding that the parties are capable of compliance. Such a finding is supported by the record.

D.      Best Interests of the Children

Lastly, mother argues that the trial court's custody order is not in the best interests of the children. However, because we are remanding the matter for further written findings of fact, we decline to consider whether the vacated order is in the best interests of the children.

III.      Conclusion

For the foregoing reasons, we vacate the trial court's order granting mother and father joint legal and physical custody of the minor children and remand for additional written findings of fact concerning the parties' history of domestic violence in accordance with N.C.G.S. § 50-13.2.

VACATED AND REMANDED FOR ADDITIONAL FINDINGS OF FACT.

Chief Judge DILLON and Judge MURRY concur.

Report per Rule 30(e).